## Case No. 9,695.

### MOHR et al. v. MANIERRE.

[7 Biss. 419;[1] 9 Chi. Leg. News, 270.]

Circuit Court, E. D. Wisconsin. April 4, 1877.[2]

REAL PROPERTY—SALE OF LUNATIC'S ESTATE—CONFLICT OF LAWS—COLLATERAL ENQUIRY.

1. In Wisconsin, where a proper case is made in a petition to the county court, for a license to sell the estate of a lunatic, the power of the court is set in motion and it has jurisdiction of the case; and the fact that the court had decided erroneously as to notice, etc., cannot collaterally affect the rights of a bona fide purchaser under the sale decreed by the court.

2. As to general principles of law the federal court has the right to follow its own views, and is not bound by the decisions of the state courts.

[Cited in Marshall v. Wabash R. Co., 46 Fed. 271.]

3. Where the jurisdiction of a court of special authority appears upon the record, its action and decision can no more be collaterally inquired into than can the action and decision of a court that has authority over all questions and controversies.

Ejectment for the recovery of about thirteen acres of land on the borders of Lake Geneva, in Walworth county. The land belonged to Mathias Mohr, against whom a commission of lunacy was obtained, and a guardian having been appointed under the laws of this state, application was made to the county court of Walworth county, for the sale of the land, for the support of the lunatic or to pay his debts. A sale was accordingly made of this and other tracts of land, and the defendant [Anna Manierre] claims under the sale. The plaintiff Mohr, having recovered his reason, and the commission of lunacy being revoked, and he having in the meantime transferred an undivided interest in the property to Mr. Cotzhausen, brought this action of ejectment, on the assumption that the proceedings in the county court of Walworth county, which resulted in a sale of the land, were illegal, and that no title passed.

Cotzhausen, Sylvester & Scheiber, for plaintiffs.

S. U. Pinney, for defendant.

DRUMMOND, Circuit Judge. Of course the question turns upon the validity of the sale made by the guardian of the lunatic. If that were invalid, then the plaintiffs are entitled to recover. The petition which asked for the action of the court, was not strictly in compliance with the statute, the allegations not being so full as the statute seemed to require; and perhaps there might be some doubt, if it were a new question, whether or not the allegations of the petition were sufficient. But the decisions, both state and federal, seem to agree that a petition such as was filed in this case was sufficient to set the court in action; in other words, to show that the court was called upon to proceed in the way pointed out in the statute to obtain the necessary means from the sale of the land for the payment of debts or the support of the lunatic. And as to this very petition, in a case that went up to the supreme court of the state upon a sale of a portion of the property which took place at the same time as that under which the defendant claims, that court says: "The petition may be defective in some particulars, but it is sufficient in substance to call into exercise the power of the court." Mohr v. Tulip, 40 Wis. 76. It was, therefore, so far as the petition is concerned, sufficient to give jurisdiction to the court. This is the effect, also, of the decisions of the supreme court of the United States, in two cases that went up from this state. Grignon's Lessee v. Astor, 2 How. [43 U. S.] 319; and Comstock v. Crawford, 3 Wall. [70 U. S.] 396. And although they were cases decided under the territorial laws, the principles involved were substantially the same. And in those cases, the supreme court of the United States held, that it was the petition that gave jurisdiction to the court, and set its machinery in motion, and that, if upon the face of the petition it appears that the objects which the law had in view in such cases were clearly set forth, that was sufficient. So there is a concurrence of opinion both in the federal and in the state courts that the petition was sufficient. The law of Wisconsin applies substantially the same conditions to the sale of the real estate of lunatics, as to decedents.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in 101 U. S. 417.]

We come to another question, where there is a difference of opinion between the federal and state courts, upon this point; the statute required a certain notice to be given of the time and place for hearing the petition, and it seems the requisite notice was not given. The state court holds that was in the nature of process to bring the parties before the court, and was jurisdictional; that unless the notice which was required by the statute was given, the court had no jurisdiction to act, and therefore, all proceedings before it were void. The supreme court of the United States takes a different view, and holds in the cases referred to, that the proceeding to sell real estate in such circumstances, is one in rem and that there are no adversary parties. The manner in which the precedent was established in this state, as I understand, was this: A case was decided by a circuit judge, (it being understood that the case would go to the supreme court of the state,) in a somewhat informal manner. A similar point in principle arose in that case, and it was held that the adjudication of the probate court did not foreclose the party in a collateral proceeding. That case went to the supreme court of this state. Sitzman v. Pacquette, 13 Wis. 292.

The circuit judge, having in the meantime become one of the judges of the supreme court, did not sit in the case, and it was submitted to two judges. The judges differed in opinion on the case, and so the judgment of the court below stood affirmed; and this has been the foundation of a rule, which we must consider as established in the supreme court of the state, that it is a question of jurisdiction—namely: whether proper notice had been given for the hearing; because, in accordance with the principle decided in the first case, they have proceeded in other cases referred to in Mohr v. Tulip, 40 Wis. 66; in the last case though, Salter v. Hilgen, Id. 363, the court cites with approval, the language of Dixon, C. J., in Tallman v. McCarty, 11 Wis. 401, as follows: "No order which a court is empowered, under any circumstances, in the course of a proceeding over which it has jurisdiction to make, can be treated as a nullity, merely because it was made improvidently, or in a manner not warranted by law or the previous state of the case. The only question in such a case is, had the court or tribunal the power, under any circumstances, to make the order or perform the act? If this be answered in the affirmative, then its decision upon those circumstances becomes final and conclusive, until reversed by a direct proceeding for that purpose. In the case before us, it was for the circuit court to determine, in the first instance, when and how the authority, with which it was invested to direct a sale, should be exercised; and if, in so doing, it committed an error, no matter how egregious, whether in the construction of the statute, or otherwise, still the order was valid until reversed on appeal. It was a mere error or irregularity which could only be taken advantage of by appeal, but cannot be inquired into in this proceeding."

This is in harmony with the ruling of the supreme court of the United States in the two cases referred to. In the original case of Sitzman v. Pacquette, supra, where an opinion was given by Judge Paine, that the decision of the court below was correct, he seemed disinclined to follow the rule of the supreme court of the United States in Grignon's Lessee v. Astor, supra, and held it should not apply to that case. Judge Cole gave an opinion to the effect that the decision in Grignon's Lessee v. Astor, ought to rule that case. It is difficult to understand that there is any difference in principle to affect the validity of the sale in the two cases.

I think that the doctrine established in the case of Grignon's Lessee v. Astor, followed by the decision of the case of Comstock v. Crawford [supra], is founded upon the clearest principles of justice and of equity. It is this: That when, in a case like this, a court has jurisdiction by the filing of a proper statement of a case before it, to proceed and adjudicate upon the case, and has so done, that wherever a decree or judgment there entered comes up collaterally, the decision of the court is conclusive upon the rights of parties. In other words, where it is a question, whether or not there was proper notice in conformity with the law, and the court has decided that there was, and has adjudicated upon that assumption, or upon the sufficiency of any proof on which it acted in the case; collaterally, the decision of the court must be considered as conclusive. So that when a man seeks to purchase real property, and the title depends upon the adjudication of a court of competent jurisdiction, he need not look further than the decree and the sale under it; he is not bound to follow every step which may have occurred in the course of the proceeding to see whether this or that fact exists, or this or that technicality has been complied with.

The only question is, had the court jurisdiction of the case? This was the rule laid down in Grignon's Lessee v. Astor. It is founded, as I think, upon the plainest principles of right. This was followed in the case of Comstock v. Crawford, although the decisions of the supreme court of this state, which laid down a different rule, were there cited by counsel, and it cannot be doubted that the supreme court of the United States dissented from the opinion of Judge Paine in Sitzman v. Pacquette. See 3 Wall. [70 U. S.] 403, 404.

Now if the question is, whether or not a court has jurisdiction of a case, must we follow the decisions of the supreme court of this state, when those decisions are contrary to the decisions of the supreme court of the United States? For instance, the supreme

court of this state has said that whether or not due notice was given, was a question of jurisdiction. The supreme court of the United States has said that it is not a question of jurisdiction, and has clearly stated in Grignon's Lessee v. Astor, what constitutes jurisdiction in a court. I think we must follow the rule laid down by the supreme court of the United States, and especially when that court has had before it a case, going up from this state, where these decisions were cited and considered. Although one was under the territorial law and the other under the state law, the principles involved in the cases were precisely the same, and if these cases were decided rightly in the supreme court of the state, and the federal courts were bound by them, then the supreme court of the United States ought not to have decided Comstock v. Crawford as it did.

I am fully aware of the very serious consequences growing out of a difference between the federal and state courts, and especially in deciding any question affecting the right to real estate. The rule would be undoubtedly different in the state court, from that which we lay down here, following the decision of the supreme court of the United States. But if we examine Grignon's Lessee v. Astor, and Comstock v. Crawford, it will be found that this court cannot hold this sale invalid without reversing the opinion of the supreme court in each of these cases, and saying that as the supreme court of this state has decided differently, we must follow the decision.

I admit it seems rather difficult to lay down any absolute rule as to where the highest court of the state is to be our guide, but this, I think, has been established by the supreme court of the United States, that as to a general principle of law, the federal court has the right to follow its own views of the law and is not bound by the decision of the state court. Now what shall constitute jurisdiction in a court is a general principle of law, and, as I understand, the supreme court of the United States would hold in this case that the county court of Walworth county had jurisdiction of the case. It makes no difference that the county court of Walworth county was a court of a particular jurisdiction, that is, jurisdiction over particular subjects.

Its action and its decision, within its province, were just as binding as though it had general jurisdiction over all subjects and controversies. This is a universal rule.

Those courts whose decisions were considered in the two cases referred to, were courts of a particular jurisdiction, and yet the supreme court of the United States held they were conclusive.

On these principles, therefore, the judgment of the court will have to be in favor of the defendant in this case, on the ground that a judgment of the county court of Walworth county having ordered a sale of the property of a lunatic, and the presumption being that all the requisites of the law had been complied with as found by that court; that the sale was made, and reported to the court and confirmed, we must hold the title under the sale to be valid. And it will be recollected that the defect here is not one included in section 62 of chapter 94 of the Revised Statutes of Wisconsin, or section 23 of chapter 93 (if that applies), 2 Taylor, 1178 and 1193, provided we are correct that the court had jurisdiction. The license to sell was given. A bond was duly approved. The oath was taken. Notice of the time and place of sale was given as prescribed. The property was sold, and the sale confirmed by the court to a person who purchased in good faith.

It is not material, as I understand, that a portion of the property was the homestead; this property was no part of the homestead, and because it may be that a portion of the property sold, ought not to have been sold, it would have no effect upon this particular part of the property. Neither is there any evidence on the face of the record of the case in the county court, from which fraud is established, so as to connect the purchaser with it and thereby prevent him from being a purchaser in good faith.

[The judgment in this case was affirmed upon error in the supreme court, Mr. Justice Field delivering the opinion. 101 U. S. 417.]

For cases in which the federal courts are not bound by the constructions or decisions of the highest state tribunals, consult Bradley v. Lill [Case No. 1,783]; Ex parte Robinson [Id. 11,932]; Schenck v. Marshall Co. [Id. 12,449].