## MARSHALL *v.* WABASH R. CO.

*(Circuit Court, S. D. Ohio, W. D.  April 9, 1891.)*

1. **DEATH BY WRONGFUL ACT—PENAL STATUTE—FOREIGN JURISDICTION.**
   Rev. St. Mo. 1889, § 4425, providing that whenever any person shall die from any injury resulting from or occasioned by negligence, unskillfulness, or criminal intent, the defendant shall forfeit and pay the sum of $5,000, which may be sued for and recovered, irrespective of the actual damages caused by such death, is a penal statute, and, under the rule that such statutes can be enforced only within the sovereignty of their creation, a federal court in another state will not entertain an action thereunder.

2. **SAME—MOTHER OF ILLEGITIMATE CHILD.**
   Under the further provision of that section, (Rev. St. Mo. 1889, § 4425,) that if the deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, then the father and mother may join in the suit, and each shall have an equal interest in the judgment, extends only to the case of natural born legitimate children, and no action can be maintained by a mother for the death of her bastard child.

At Law.

*H. D. Peck,* for plaintiff.

*Lawrence Maxwell, Jr.,* and *Charles E. Peers,* for defendant.

SAGE, J., *(orally.)* This cause is before the court on an objection to the jurisdiction, and to the right of the plaintiff to maintain the action under the statute upon which it is based.

The action is to recover $5,000 damages by reason of the death of the minor son of the plaintiff, which it is alleged was caused by the negligence and unskillfulness of the employes of the defendant while conducting and managing a train of cars in the state of Missouri, upon which the deceased was a passenger. It is conceded that the deceased was the illegitimate son of the plaintiff. The father is not joined in the action, nor is there any allegation that he is dead.

The objection to the jurisdiction is that the statute (section 4425, Rev. St. Mo. 1889) provides for damages whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness, or criminal intent set forth and described in the section, and that the defendant "shall forfeit and pay for every person or passenger so dying

the sum of $5,000, which may be sued for and recovered" by the persons named; the section containing the following clauses:

"If such deceased be a minor, and unmarried, whether such deceased unmarried minor be a natural born or adopted child, if such deceased unmarried minor shall have been duly adopted according to the laws of adoption of the state where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or, if either of them be dead, then by the survivor."

There is also a right of action given to the minor child or children of the deceased, whether they be natural born or adopted. Counsel for the defense urge that this statute is penal. To this counsel for the plaintiff answer that the supreme court of Missouri, in *Coover* v. *Moore*, 31 Mo. 574, held that the sum which might be recovered under the statute then in force—which, so far as it affects this question, is in no essential different from the statute above quoted—was not intended as a penalty, but as compensatory damages, liquidated by the statute; the fact being that under the act only persons presumed to be interested in the life of the deceased may institute an action under it.

Counsel for the plaintiff refer also to *Philpott* v. *Railway Co.*, 85 Mo. 164, in which the court, considering the same statute, say:

"The statute is remedial, and is designed to be compensatory in part. But it is more than this. The case at bar demonstrates the fact that it cannot be wholly compensatory, for the amount of the recovery, being fixed, as it is, is altogether out of proportion to the value of the services of the son for the remainder of the period of his minority. The law is also designed to guard and protect persons and the traveling public against the wrongful acts thereby prohibited. Whether the amount awarded is denominated damages, compensatory damages, liquidated, as it was in *Coover* v. *Moore*, 31 Mo. 574, or a penalty, is not material. The law, as well as being compensatory, is of a penal and police nature, and can without objections subserve both purposes at one and the same time.

"The right to recover is therefore not made to depend upon services which the deceased could have rendered to the persons suing. The emancipation of the son by the parent, if alleged and proved, constitutes no defense."

In that case the action was by husband and wife because of the death of their minor son, between 19 and 20 years of age, occasioned by the collision of two trains of cars on the defendant's road in the state of Missouri. The defendant, among other things, answered that the plaintiffs and their son were residents and citizens of the state of Texas; and, further, that they had emancipated their son from all paternal control and interference. These defenses were, on motion of the plaintiffs, stricken out, and the case was taken up to the supreme court upon assignments of error for that, among other rulings.

Now it is insisted that these decisions settle the proposition that the statute under consideration is not a penal statute, and that this court is bound by those decisions. I do not concur with either proposition. It is true that the court in *Coover* v. *Moore* say that the damages are compensatory. So they may be in certain cases, and in some cases less than full compensation. But where the plaintiff is not required to offer any

evidence proving damages, and the defendant is not permitted to offer any evidence disproving damages, and the recovery is to be one fixed sum in every case, I cannot understand how the statute under which that is done can be regarded as providing compensation merely, and not penal. In *Philpott's Case*, however, the ruling is that the statute is penal, and that it is also to a certain extent compensatory. I do not understand that this court is bound by the decisions of the supreme court of Missouri upon this point. In *Chicago* v. *Robbins*, 2 Black, 418, the supreme court of the United States ruled that where private rights are to be determined by the application of common-law rules alone, the supreme court, although entertaining for state tribunals the highest respect, does not feel bound by their decisions; and in *Hollingsworth* v. *Tensas*, 17 Fed. Rep. 109, it is held that, though a state decision may apply a state statute, yet a national court is not bound to follow it in derogation of established principles of jurisprudence. Thus, a decision administering a statute which allows private property to be taken for public use without out compensation is not obligatory on a federal court. In *Mohr* v. *Manierre*, 7 Biss. 419, it was held that what shall constitute jurisdiction in a court is a general principle of law, within the rules above stated.

It is conceded that if the statute is penal it cannot be enforced, excepting within the jurisdiction of the state of Missouri. It is further urged by counsel for complainants that the statute merely liquidates the damages, which it was within the power of the legislature to do. It has been held that the legislature of a state may by statute provide for double and treble damages, and that such an act is not necessarily penal.

But here is a case where there is provision for a recovery without proof of any damages whatever. Liquidated damages are damages whose amount has been determined by anticipatory agreement between the parties. They are recognized and sustained in two classes of cases: *First*, in cases where the agreement is of such a nature that the damages are uncertain, and not capable of ascertainment by any known and satisfactory rule; and, *second*, in cases where, from the tenor of the agreement or the nature of the case, it appears that the parties have ascertained the amount of the damages by fair calculation and adjustment. In cases not falling within either of these two classes, even if the parties agree to what they term liquidated damages, the court will treat the stipulation as for a penalty or forfeiture, and administer the law accordingly. In cases in which liquidated damages are recognized, the right to recover depends also upon the agreement of the parties, without which the recovery could be only for damages capable of ascertainment and measurement by established rules of law.

I doubt whether the legislature has the power to enact a statutory provision for liquidated damages, even where it has the right to create a cause of action. It may, for reasons of public policy, enact and enforce a penal statute, and provide that the plaintiff shall have the benefit of the penalty; but, if the statutory damages are to be treated as compensatory merely, it strikes me that the attempt of the legislature to fix them by an arbitrary, inflexible rule would be in conflict with the con-

stitutional right of the defendant to a jury trial. This, however, is rather by way of suggestion. It is not necessary to the decision of the question before the court. It was held in *Railway Co.* v. *Humes*, 115 U. S. 512, 6 Sup. Ct. Rep. 110, that the legislature of a state may fix the amount of damages beyond compensation to be awarded to a party injured by the negligence of the railroad company, or prescribe the limit within which the jury in assessing such damages may exercise their discretion, and that the additional damages are by way of punishment to the company for its negligence; and it is not a valid objection that the sufferer, instead of the state, receives them. The court in that case said that the statute only fixes "the amount of the penalty in damages proportionate to the injury inflicted. In actions for the injury the company is afforded every facility for presenting its defense." The court also referred to the fact that the—

"Statutes of nearly every state in the Union provide for the increase of damages where the injury complained of results from the neglect of duties imposed for the better security of life and property, and makes that increase in many cases double, and in some cases treble, and even quadruple, the actual damages."

The court further said that such legislation was not only favored by experience as a most efficient mode of preventing the commission of injuries, but that its validity has been affirmed by decisions of the highest courts. But that case is clearly distinguishable from the case here, in that the provisions referred to were expressly in addition to the damages to be ascertained by the evidence, and were subject to the discretion of the jury. Here the statute fixes the amount for recovery without reference to the injury sustained, and shuts out all evidence as to the actual damage.

I am clear, however, that the amount fixed in the statute cannot be properly regarded as liquidated damages. The fact that sections 4426 and 4427 authorize an action for damages by reason of the death of a person caused by the wrongful act, neglect, or default of another, and that suits therefor may be brought by the same parties, and in the same manner, as provided in section 4425, and that in such actions the recovery shall be for such damages, not exceeding $5,000, as may be established to the satisfaction of the jury within the rules provided in the section, is strongly confirmatory of the view that section 4425, which relates exclusively to injuries resulting in death by reason of the negligence, etc., of the officers, servants, and employes of railroad companies, is penal in its nature.

I therefore hold that this court has no jurisdiction in this case, upon the well-recognized rule that penal statutes can be enforced only within the sovereignty of their creation, much for the same reason that criminal statutes have no extra-territorial force.

With this conclusion I might dismiss the case, and perhaps should, without considering the question whether this plaintiff has any standing in this court; but, as that has been fully argued, I will express my opinion upon that also.

The general rule is that the expression "natural children" refers exclusively to children born out of lawful wedlock. Plaintiff's counsel claim, therefore, that, as the right is given to the parents of a deceased and unmarried minor, whether such minor be a natural born or adopted child, it includes such a case as this. The answer to this contention is, first, that it has been held that in a statute declaring that adopted children shall have all the rights of natural children the word "natural" was used in the sense of legitimate. *Barns* v. *Allen,* 9 Amer. Law Reg. 747. Apart from this view, the language of the section is not in my judgment consistent with the proposition that it confers the right claimed here, for the right of action is given to the father and mother, who may join in the suit, and each shall have an equal interest in the judgment, or, if either of them be dead, then by the survivor. That the father has no right to sue is perfectly clear, and yet the only provision authorizing father or mother to sue is that just quoted. They may join if living, and the suit can be by one only in case the other be dead. This clearly, in my mind, refers exclusively to cases where father and mother are joined in lawful wedlock. It is urged, however, that the statute, being remedial, should be liberally construed to effectuate the manifest purpose of the legislature to provide damages for parent or parents of minor unmarried children. The liberal rule of construction might be invoked if this were a statute providing compensatory damages merely. But even in that case, inasmuch as the statute creates a right of action which did not exist at common law, that right can be exercised by those only who come within its provisions, which do not include the mother of an illegitimate child.

The case will be dismissed.