57   601
61   669
f61   670

EDWIN TOM DALE *et al.* v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

No. 9177.

1. PENAL STATUTE— *has no extra-territorial force.* Penal statutes have no extra-territorial force, and the courts of this State will not enforce the penal statutes of another State or Territory.

2. ———— *hence action not maintainable here on New Mexico statute giving unvarying sum as damages for negligence.* A statute of the Territory of New Mexico provided that whenever any person should die from any injury occasioned by the negligence of an agent, or servant, managing any locomotive, or train of cars, the corporation in whose employ such agent or servant should be should "forfeit and pay for every person or passenger so dying the sum of $5,000, which may be sued for and recovered : *first*, by the husband or wife of the deceased ; *or second*, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child, or children, of the deceased." In an action by the minor children of a person whose death was so caused, and who left a widow surviving him, brought more than six months after the death, *held* that the courts of this State will not enforce the liability created by the statute of New Mexico, it being in part penal, and giving a right of action to persons other than the one who would be entitled to recover under the laws of this State in a similar case arising here.

*Error from Wyandotte District Court.*
*Hon. Henry L. Alden, Judge.*

AFFIRMED.                    OPINION FILED JANUARY 8, 1897.

*Fenlon & Fenlon,* for plaintiffs in error.

*A. A. Hurd* and *Mills, Smith & Hobbs,* for defendant in error.

ALLEN, J.    Edwin Tom Dale and two other minor children of Edwin Dale, deceased, brought this suit against the Atchison, Topeka & Santa Fe Railroad Company to recover damages for the death of said Edwin Dale, which it is alleged was caused by the

negligence of the defendant in the ·Territory of New Mexico on the 18th day of July, 1888. This action was commenced on the 31st day of July, 1890, and recovery is sought under a statute of New Mexico, which reads as follows :

"Section 2308. Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employe, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver of any stage coach or other public conveyance, while in charge of the same as driver ; and when any passenger shall die from any injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual, or individuals in whose employ any such officer, agent, servant, employe, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad locomotive, car, stage coach, or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying the sum of $5,000, which may be sue and recovered : *First*, by the husband or wife of the deceased ; *or second*, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased ; *or third*, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment ; or if either of them be dead then by the survivor. In suits instituted under this section, it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section, was not a negligent defect or insufficiency."

The petition alleges that no personal representative of the estate of said Edwin Dale has ever been ap-

pointed, and, that although more than six months had elapsed after the death of said Edwin Dale, no action had been brought by Sarah Ann Dale, his widow, to recover damages therefor; and that, by reason thereof, the cause of action given by said statute had vested in the plaintiffs. A demurrer to the amended petition was sustained by the District Court, and judgment entered thereon in favor of the defendant. Error is assigned on the ruling of the Court sustaining the demurrer. The principal question in the case, and the only one necessary to decide, is whether an action can be maintained in this State by the minor children under the statute of New Mexico above quoted. It is the same in substance as the statute of Missouri, under which a recovery was sought in the case of *Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56. It is held by the courts of Missouri that, in an action founded on the statute of that State, the recovery must be of the full amount provided in the statute, or nothing; and a verdict for $2,500 was set aside by the Court of Appeals. *Rafferty v. Missouri Pacific Rly. Co.*, 15 Mo. App. 559. In *Carroll v. Missouri Pacific Rly. Co.*, 88 Mo. 239, an instruction directing the jury, if they found for plaintiff, to assess her damages at the sum of $5,000 was approved by the Supreme Court. In the case of *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, the right of an administrator appointed in Kansas, to recover for injuries received in Missouri, by plaintiff's intestate, from which he afterward died in Kansas, was denied by this Court; and in the case of *Limekiller, Adm'x, v. H. & St. J. Rld. Co.*, 33 Kan. 83, it was held that an administratrix appointed in Missouri could not maintain an action, under section 422 of the Code of Civil Procedure of this State, for

an injury received in this State causing the death of
the plaintiff's intestate, on the ground that no such
action could have been maintained in Missouri if the
death had been caused in that State.   In the case of
*Vawter v. The Missouri Pacific Rly. Co.*, 84 Mo. 679, it
was held that an administrator appointed in Missouri
could not maintain an action there, under the statute
of Kansas, for the death of the intestate in Kansas.
There is great diversity in the decisions of the courts
as to whether an action of this kind may be brought
in one State to recover under the statute of another
State for a death caused there.   Some courts refuse
all relief in such cases, while others allow the action
to be maintained where the statutes of the two States
are substantially similar and where both are remedial
in character,   A leading case of the latter class is
that of *Dennick v. Railroad Co.*, 103 U. S. 11, where it
was held that an administrator appointed under the
laws of New York could maintain an action in that
State for the death of his intestate in New Jersey, and
might recover under the provisions of the statute of
the latter State.   The statute of New Jersey author-
ized a recovery by the administrator for the exclusive
benefit of the widow and next of kin, to be assessed by
the jury with reference to the pecuniary injury result-
ing from such death to the wife or next of kin.   It is
said in the opinion that there was a statute of New
York similar in its provisions to that of New Jersey.
The cases of *Leonard v. Columbia Steam Navigation Co.*,
84 N. Y. 48 ;  *Knight v. West Jersey Railroad Co.*, 108 Pa.
St. 250 ;  *Burns v. Grand Rapids & I. R. Co.*, 113 Ind. 169
(15 N. E. Rep. 230) ;  *Cincinnati, H. & D. R. Co. v.
McMullen*, 117 Ind. 439 (20 N. E. Rep. 287), are to the
same effect.   The case of *Herrick v. Minneapolis & St.
Louis Rly. Co.*, 31 Minn. 11, goes farther, and holds that

an action may be maintained under a statute of Iowa for an injury received there, notwithstanding the want of a similar statute in Minnesota. In the case of *Railway v. McCormick*, 71 Tex. 660, a recovery was sought under the statute of Arkansas for an injury received there. Under the laws of Arkansas, the action was authorized to be brought by the personal representative, and if there be no personal representative, then by the heirs at law; and the amount recovered to be distributed for the exclusive benefit of the widow and next of kin in the same proportions as the estate of the decedent would be distributed. Under the law of Texas, the amount recovered was to be divided among the persons designated in the statute, in such proportion as the jury on the trial should determine. It was held that the statutes of the two States were so different that an action could not be maintained in the courts of Texas to enforce the liability created by the laws of Arkansas. In the case of *Ash v. Balt. & Ohio R. Co.*, 72 Md. 144 (19 Atl. Rep. 643), the Court of Appeals of Maryland held that an administrator appointed in Maryland could not recover there under the statute of West Virginia for the death of his intestate, because of the dissimilarity of the statutes of the two states.

This action is brought by the minor children of Edwin Dale, and it appears that they alone are authorized to sue under the statute of New Mexico after the expiration of six months. The widow's right of action, which was full and complete during that period, is utterly lost. Under section 422*a* of the Code of Civil Procedure of this State, where no personal representative is appointed the widow only can maintain the action. Whether the damages recovered by her are for her sole benefit, or subject to distribution

to the parties who would have been entitled thereto
if recovered in an action by the personal representa-
tive, may be a matter of some doubt. It
thus appears that if a recovery be al-
lowed in this case, it will be had by per-
sons who could not maintain the action if the injury
causing the death had been received in this State.
Another and perhaps more serious difficulty lies in
the penal character of the statute of New Mexico.
Although it is argued that the law of that Territory
provided for the payment by the wrong-doer of a sum
of money to his widow, or minor children, and that
they are the ones usually, if not invariably, most in-
jured by his death, and that the money to be paid un-
der that statute subserves really the same purpose as
money paid under the laws of Kansas, and compen-
sates them in some degree for the loss of the husband
and father, yet it is apparent that the theory of the law
of the two States is different. In Kansas it is strictly
compensatory. In New Mexico it may be strictly pe-
nal ; for it might happen that the person killed was a
burden upon his family, contributing nothing to them.
In *Marshall v. Wabash Rly. Co.*, 46 Fed. Rep. 269, it
was held that the statute of Missouri was penal, and
that an action could not be maintained thereon in the
Circuit Court of the United States in Ohio ; and the
case of *Philpott v. The Mo. Pac. Rly. Co.*, 85 Mo. 164,
was cited as authority for the proposition that "the
law as well as being compensatory is of a penal and
police nature, and can without objections subserve
both purposes at one and the same time." The case
of *Adams, Adm'x, v. Railroad Co.*, 67 Vt. 76, was an
action brought in Vermont to recover for a death
caused in Massachusetts, under the statute of that
State which provided for a recovery of damages not

1. Penal statute has
no extra-terri-
torial force.

exceeding $5,000 nor less than $500, to be assessed with reference to the degree of culpability of the corporation.   It was held that the statute was penal in character, and that it would not be enforced by the courts of Vermont.  It is elementary that penal statutes have no extra-territorial force, and that the principles of comity prevailing among the States do not go to the extent of enforcing in the courts of one State the penal statutes of another.   Story, Confl. Laws, § 621 ; *Lindsay v. Hill*, 66 Me. 212 ; 22 Am. Rep. 564 ; *First National Bank of Plymouth v. Price*, 33 Md. 487 ; 3 Am. Rep. 204.

If we were to attempt the enforcement of the statute of New Mexico to the extent to which it is compensatory only, we should find ourselves in the position of having to resort to that statute to create the liability, and then measure that liability by the principles obtaining in this State ; for the law of New Mexico has but one fixed and rigid measure — the definite sum of $5,000 — in every case where liability exists, while in this State it is in all cases limited to the damages actually sustained by the party for whose benefit the action is prosecuted.   In the case before us we are asked to enforce a statute of a territory, penal in part at least, and which confers a right of action on persons other than the one that would be authorized to maintain an action in this State under a similar state of facts.   Under the statute of New Mexico an adult child would have no right of recovery if there were minor children.  Under the authorities, the obstacles in the way of affording the plaintiffs any relief in this case appear insurmountable ; and we feel constrained to hold that the courts of this State will not undertake the enforcement of a statute penal in part, and

2. Action not maintainable here on New Mexico statute.

so dissimilar in principle from the law of our own State.

The judgment of the District Court is affirmed.

All the Justices concurring.