Mary J. Matheson *et al.* v. The Kansas City, Fort Scott & Memphis Railroad Company.

**No. 11,419.**  (*60 Pac. 747.*)

Action for Death—*Conflict of Laws.* The Missouri statute giving a right of recovery for death caused by the neglect or wrong of another is so far penal in its nature, and so dissimilar in its provisions to the Kansas statute authorizing a recovery for death by wrongful act, that it is not enforceable in the courts of Kansas.

Error from Wyandotte district court; H. L. Alden, judge. Opinion filed April 7, 1900. Affirmed.

*T. P. Anderson,* and *True & True,* for plaintiffs in error.

*Pratt, Dana & Black,* for defendant in error.

The opinion of the court was delivered by

Johnston, J.: This was an action to recover for the death of James Matheson, an employee of the Kansas City, Fort Scott & Memphis Railroad Company, who was killed in Missouri on September 14, 1897, and whose death is alleged to have been caused by the wrong and neglect of coemployees. The action is brought by and for the benefit of the widow and children of the deceased, who claim to have a statutory right of recovery in Missouri, and one which is enforceable in Kansas. The Missouri statute pertaining to the subject was pleaded in the petition, but the trial court held the allegations of the petition to be insufficient, and that the rights of the plaintiffs under the Missouri statute could not be enforced in the courts of Kansas.

The plaintiffs' cause of action arises under a statute of Missouri providing for recovery for death by wrong-

ful act, which declares that the company "shall forfeit and pay for every person or passenger so dying the sum of $5000, which may be sued for and recovered : First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased," etc. (Rev. Stat. [Mo.] 1889, § 4425.) The right to recover for death caused by wrongful act is purely statutory, and there is a division of judicial opinion as to how far such causes of action may be enforced in states other than where the injury and death occurred. It is a general rule that statutes have no extraterritorial force, and there can be no recovery under a statute penal in its nature except in the state of its origin. Upon the grounds of comity, a cause of action arising in one state under a statute may be asserted in another where the latter gives the same right of action, and there is a substantial similarity in the statutes of the two states. If the Missouri statute is penal in its nature, and the right of recovery given by it is inconsistent with the policy and laws of this state, the action is not maintainable, and the decision of that question is controlled by former adjudications of this court.

In *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, it was expressly held that an administrator could not maintain an action in this state to recover for the injury and death of an employee of a railroad company in the state of Missouri, although the deceased was an inhabitant of Kansas. In *Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56, 18 Pac. 57, the points of dissimilarity between the Missouri and Kansas statutes

were noted, and it was held that the plaintiff in that action could not recover in Kansas for an injury which resulted in death in Missouri. The question was again considered in *Dale v. Railroad Co.*, 57 Kan. 601, 47 Pac. 521. There a recovery was sought for a death that occurred in New Mexico, under a statute of that territory which is substantially similar in its terms to the Missouri statute under which recovery is sought in the present case. It was held that while the act was compensatory in part it was penal in its character, and that the principles of comity prevailing among the states do not go to the extent of enforcing in the courts of one state the penal statutes of another. Under the New Mexico statute, it was provided that the railway company should forfeit in every case the sum of $5000, without regard to the value of the life of the deceased or the extent of the loss sustained by the plaintiff. These provisions are so nearly identical with those of the Missouri statute that the Dale case must be regarded as decisive of this one.

The dissimilarity between the statutes of the two states is pointed out by the supreme court of Missouri in *Vawter v. The Missouri Pacific Ry. Co.*, 84 Mo. 679, and the penal nature of the Missouri statute was declared in *Marshall v. Wabash R. Co.*, 46 Fed. 269. An arbitrary award of a fixed amount of damages, regardless of pecuniary loss sustained, is antagonistic to our policy and is palpably inconsistent with our statute authorizing a recovery in such cases. Here the plaintiff must show a pecuniary loss, and the recovery is limited to the actual damages sustained. If the life of the deceased is of no pecuniary value to the next of kin, no more than nominal damages can be recovered. There have been a number of such cases,

an illustration of which may be found in *A. T. & S. F. Rld. Co. v. Weber, Adm'r,* 33 Kan. 543, 6 Pac. 877, where the jury specially found that the life of the deceased was of no pecuniary value to those for whose benefit the action was prosecuted. The arbitrary forfeiture of $5000 in such a case arising under the Missouri statute would be purely punitive, and the fact that the penalty was bestowed on relatives of the deceased would not take away the penal character of the award. It is contended that the statute is not penal, and cannot be so regarded unless the forfeit or penalty is paid to the state as a punishment for the wrong committed. In a strict and limited sense a penal statute is one imposing punishment for an offense committed against the state, but we think this altogether a too narrow and restricted view to take of statutes like the one under consideration. In terms it provides for a forfeiture, and, like many other statutes of a penal nature, provides that the penalty or amount forfeited shall go to private persons. Such statutes are generally held to be penal in their character, although no part of the penalty is paid to the state. (*Dale v. Railroad Co.,* supra; *Adams, Adm'x, v. Railroad Co.,* 67 Vt. 76, 30 Atl. 687; *O'Reily v. N. Y. & N. E. R. R. Co.,* 16 R. I. 388, 17 Atl. 171, 906, 19 Atl. 244; *Marshall v. Wabash R. Co.,* supra; Story, Confl. of L. § 621; 8 A. & E. Encycl. of L., 2d ed., 880.)

Aside from the fact that the Missouri statute is not compensatory, it differs in other particulars from the Kansas statute. It is true that it is not necessary that the statutes of the two states should be exactly alike, but there must be a substantial similarity. As will be observed, there is an essential difference as to who may bring the action and may constitute the beneficiaries of the penalty awarded. This difference

was made clear in the Dale case, where it was said "that the courts of this state will not undertake the enforcement of a statute penal in part, and so dissimilar in principle from the law of our own state."

The judgment of the district court will be affirmed.