HOPPER v. DENVER & R. G. R. CO. *

(Circuit Court of Appeals, Eighth Circuit. May 24, 1907.)

No. 2,414.

**1. DEATH—STATUTES—CONSTRUCTION.**

Mills' Ann. St. Colo. § 1508, creates an action for death negligently caused by a public carrier, and declares that it shall forfeit for every person and passenger so injured or killed not more than $5,000, nor less than $3,000, which may be sued for and recovered: (1) By the husband or wife of deceased; or (2) if there be no husband or wife, or he or she fail to sue within a year after such death, then by the heir or heirs of the deceased, or, if the deceased be a "minor or unmarried," then by the father and mother, or, if either of them be dead, then by the survivor. *Held* that, if the deceased left a husband or wife, the sole right of action was in such survivor, save that as against children the right would be lost unless asserted within a year; if there was no surviving husband or wife, or the survivor failed to sue within a year, then the sole right would be in the children; and if there was neither surviving husband nor wife nor any children, then only would the right of action be in the father and mother, or the survivor; so that where an unmarried adult female is killed by the negligence of a carrier, and she leaves neither husband, child, nor mother, the right of action is in her surviving father.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 35–46.]

**2. SAME—PECUNIARY INJURY.**

When decedent, an unmarried female 19 years of age at the time of her death, was two years old, her mother died, and she was taken by plaintiff, her father, to reside with her aunt, with whom she lived until she was 16, when she was sent by him to school to fit herself for teaching. She was sympathetic, ambitious, industrious, of good health, and fond of her father, who paid the expenses incident to her education, and desired to keep house for him, but he, being a farm laborer and traveling machinist, had not married again, and at the time of his daughter's death was 60 years of age. *Held*, that evidence of these facts, in the light of the natural influence or promptings of filial ties, was sufficient to sustain a finding that there was a reasonable expectation of substantial, though not large, pecuniary benefit to the father from a continuance of the life of the daughter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 20.]

**3. CARRIERS—INJURY TO PASSENGERS—DEATH—NEGLIGENCE—PRESUMPTION.**

In an action for death of a passenger by the alleged negligence of a carrier's servants, evidence that plaintiff was a passenger, and that her death resulted from an accident to the train, was sufficient to establish a prima facie case of the carrier's negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1307–1314.]

In Error to the Circuit Court of the United States for the District of Colorado.

James H. Teller (J. H. McCorkle, on the brief), for plaintiff in error. Henry A. Dubbs (Thomas H. Devine, J. W. Preston, Joel F. Vaile, C. W. Waterman, and E. N. Clark, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action under a statute of Colorado by a father to recover damages of a railroad company for the death of his daughter, alleged to have been caused by

*Rehearing denied September 30, 1907.

the negligence of the company while she was a passenger upon one of its trains. At the conclusion of the plaintiff's case in chief, the court upon the defendant's motion, directed a verdict in its favor, and we are now called upon to consider whether or not that ruling was right.

The statute of the state under which the right of action was asserted is as follows (Gen. St. 1877, §§ 877–879; Mills' Ann. St. §§ 1508–1510):

"Sec. 1508. Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskilfulness or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive, car or train of cars, or of any driver of any coach or other public conveyance whilst in charge of the same as a driver, and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employé, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage coach or other public conveyance at the time any such injury is received, and resulting from or occasioned by defect or insufficiency above described, shall forfeit and pay for every person and passenger so injured the sum of not exceeding five thousand (5,000) dollars, and not less than three thousand (3,000) dollars, which may be sued for and recovered:

"First—By the husband or wife of deceased, or

"Second—If there be no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of the deceased, or

"Third—If such deceased be a minor or unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section was not a negligent defect or insufficiency.

"Sec. 1509. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured.

"Sec. 1510. All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in the first section of this act, and in every such action the jury may give such damages as they may deem fair and just, not exceeding five thousand (5,000) [dollars], with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled to sue; and also having regard to the mitigating or aggravating circumstances attending any such wrongful act, neglect or default."

The words "heir or heirs," in the second subdivison of section 1508, mean child or children, that is, lineal descendants (Hindry v. Holt, 24 Colo. 464, 51 Pac. 1002, 39 L. R. A. 351, 65 Am. St. Rep. 235); and, though some of the printed statutes of the state make the words "father and mother" in the next subdivision read "father or mother," the first reading is correct (Pierce v. Conners, 20 Colo. 178, 183, 37 Pac. 721, 46 Am. St. Rep. 279).

The evidence disclosed that the deceased was 19 years old, and so was an adult under the laws of Colorado (3 Mills' Ann. St. Rev. Supp.

§ 4699); that she was unmarried; and that she left surviving her a father, the plaintiff, but no husband, child, or mother. If, therefore, her death was otherwise one for which the defendant was required to respond in damages, the third subdivision of section 1508, if read literally, gave the father a right of action; but the Circuit Court, being of opinion that the words "minor or unmarried" in that subdivision must be read "minor and unmarried," held that no right of action was given for the death of an adult leaving no surviving spouse or child; and this was one of the reasons assigned for directing a verdict for the defendant.

As no right to recover damages resulting from death was recognized by the common law, the father's right in this instance, if he had any, must arise entirely from the state statute. Hindry v. Holt, 24 Colo. 464, 51 Pac. 1002, 39 L. R. A. 351, 65 Am. St. Rep. 235; Swift v. Johnson, 71 C. C. A. 619, 138 Fed. 867, 1 L. R. A. (N. S.) 1161. As written, it plainly confers such a right upon him, for not only does it, by the use of the terms "any person," "any passenger," "every person and passenger," and "every such case," manifest a purpose to cover every instance of death caused in the manner specified, and not within the qualification expressed in Atchison, etc., Co. v. Farrow, 6 Colo. 498, whether the deceased be a minor or an adult, married or unmarried, but it in terms gives the right of recovery to the father where, as here, he is the only surviving parent, and the deceased leaves no surviving spouse or child. Thus far there is no conflict, nor any difficulty in applying the statute. But it is said that conflict and difficulty are encountered when the third subdivision of section 1508, respecting the right of the parents, and the two preceding subdivisions, respecting the rights of the surviving husband or wife and the children, are read together, because a minor may die leaving a husband or wife and also parents; and it could have been added that an unmarried person may die leaving children and also parents, as in the case of a widower, widow, or the mother of illegitimate children. See In re Kaufman, 131 N. Y. 620, 30 N. E. 242, 15 L. R. A. 292; Mills' Ann. St. §§ 127, 1533; Mills' Ann. St. Rev. Supp. § 4658; Marshall v. Wabash Ry. Co., 120 Mo. 275, 25 S. W. 179. All of this is undoubtedly true. And it is equally true that, if each subdivision is read literally, they will in the instances supposed give conflicting rights of action to the surviving spouse and to the parents, or to the children and to the parents, as the case may be, when the statute as a whole makes it plain that there shall be but one right of action and but one recovery in respect of any death; that the right of recovery shall be in the surviving spouse, if there be one, and, if not, then in the children, if there be any; and that it shall be in the parents only where there is neither surviving spouse nor child. To obviate the conflict and difficulty thus presented, the Circuit Court construed the words "minor or unmarried" to mean "minor and unmarried," and this construction is now earnestly pressed upon us by counsel for the defendant. But we cannot give it our approval. It does not entirely avoid the conflict and difficulty which make resort to interpretation necessary, and does not give effect to the controlling purpose and spirit

of the statute otherwise made manifest. If it were adopted, these subdivisions would still give conflicting rights of action for the death of one who, although a minor and unmarried, dies leaving children and also parents, as may be the case with a minor who is a widower, widow, or the mother of illegitimate children; and, as held by the Circuit Court, it would defeat a right of action for the death of an adult leaving parents, but no surviving spouse or child, although such a case, as before stated, is within the terms of the statute as written, and also within its purpose and spirit.

But there is another construction, which, while neither excluding any case within the terms used, nor including any not within them, harmonizes the three subdivisions, avoids all the difficulties suggested, and gives full effect to the purpose and spirit of the statute as a whole. The subdivisions are evidently intended to take rank and have effect in the order in which they occur, and their true meaning, as we think, may be stated in this way: If the deceased leave a husband or wife, the sole right of action will be in such survivor, save that, as against children, the right will be lost unless asserted by suit within one year; but if there be no surviving husband or wife, or the survivor fail to sue within one year, then the sole right of action will be in the children; and if there be no surviving husband or wife, nor any child, then, and then only, will the right of action be in the father and mother, or the survivor of them. The first subdivision does not make the right of the husband or wife dependent upon the majority of the deceased, nor does the second make the right of the children dependent upon his majority or upon his being married at the time of his death; and as the third is evidently designed to take rank and have effect in subordination to the other two, we think it should be interpreted as if it read: "If such deceased be a minor or unmarried, and leave no surviving husband or wife and no surviving child, then by the father and mother." In no other way can the three subdivisions be completely harmonized without violating the sense of the statute as a whole. And no little support is given to this construction by the decisions of the appellate courts of the state, covering a period of several years, in which, without discussion of the question, the statute is treated as giving the parents a right of action for the death of an adult child leaving no surviving spouse or child. Denver, etc., Co. v. Wilson, 12 Colo. 20, 20 Pac. 340; Hindry v. Holt, 24 Colo. 464, 468, 51 Pac. 1002, 39 L. R. A. 351, 65 Am. St. Rep. 235; Mitchell v. Elevator Co., 12 Colo. App. 277, 55 Pac. 736.

The statute was largely copied from one in Missouri, which read "minor and unmarried," and this is advanced as a reason for reading the Colorado statute in the same way; but we think it is a sufficient answer to say that, in adopting the statute, the Colorado Legislature not only changed the word "and" to "or," but otherwise modified the language used, and must have intended to give effect to whatever change of meaning naturally resulted therefrom. Crawford v. Burke, 195 U. S. 176, 190, 25 Sup. Ct. 9, 49 L. Ed. 147. One of the other changes is particularly significant. The Missouri statute limited the right of recovery under the second subdivision to the minor

children, and so gave an adult no right in respect of the death of a parent. But the Colorado. Legislature, before adopting the statute, changed this subdivision so that it would embrace all children, whether minors or adults; and while this was being done it was not unnatural that the next subdivision should also be changed, as we think it was, so that the parents would have the same right to recover for the death of an adult child as for the death of a minor, that is, wherever there is no preferred beneficiary under the two preceding subdivisions.

We conclude that the Circuit Court erred in its interpretation of the statute.

Another reason assigned by the Circuit Court for directing a verdict for the defendant was that there was no evidence of any pecuniary injury to the plaintiff from the death of the daughter. In substance, the evidence was as follows: When the deceased was two years old, her mother died at the family home in Texas, and shortly thereafter the child was taken by the father to an aunt near Greenfield, Mo., with whom she lived until she was 16. He then sent her to a school at Parkville, Mo., that she might prepare herself for teaching, and he paid the expenses incident thereto. She had been in this school three years and was on a visit to a sister in Colorado when she met her death. She was sympathetic, ambitious, industrious, of good health, fond of her father, and wanted to keep house for him, but had not as yet rendered any service to him or made any contribution to his support. After the mother died, the father continued to reside in Texas, but broke up housekeeping. He was chiefly engaged as a traveling machinist, and sometimes as a farm laborer; his earnings being about $50 per month. He had not married again, and was 60 years old. Considering this evidence in the light of the natural influence or prompting of filial ties, we think it would have sustained a finding that there was a reasonable expectation of substantial, though not large, pecuniary benefit to the father from a continuance of the life of the daughter. Pierce v. Conners, 20 Colo. 178, 182, 37 Pac. 721, 46 Am. St. Rep. 279; Gibson, etc., Co. v. Sharp, 5 Colo. App. 321, 327, 38 Pac. 850; Swift & Co. v, Johnson, 71 C. C. A. 619, 138 Fed. 867.

It may be that in the further progress of the case it will become necessary to consider whether the provision in section 1508 for a minimum recovery of $3,000, irrespective of actual pecuniary injury, is valid, and, if so, whether that section is thereby made penal in the sense that it may be enforced only in the courts of Colorado (see Philpott v. Missouri Pac. Ry. Co., 85 Mo. 164; Carroll v. Missouri Pac. Ry. Co., 88 Mo. 239, 246, 57 Am. Rep. 382; Marshall v. Wabash R. Co. [C. C.] 46 Fed. 269; Dale v. Atchison, etc., Co., 57 Kan. 601, 47 Pac. 521; Matheson v. Kansas City, etc., Co., 61 Kan. 667, 60 Pac. 747; Adams v. Railroad Co., 67 Vt. 76, 30 Atl. 687, 48 Am. St. Rep. 800; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Brady v. Daly, 175 U. S. 148, 25 Sup. Ct. 62, 44 L. Ed. 109; Boston & Maine R. R. Co. v. Hurd, 47 C. C. A. 615, 108 Fed. 116, 56 L. R. A. 193; s. c. 184 U. S. 700, 22 Sup. Ct. 939, 46 L. Ed. 765; McCabe v. American Woolen Co. [C. C.] 124 Fed. 283; s. c. 65 C.

C. A. 59, 132 Fed. 1006; Malloy v. American Hide & Leather Co. [C. C.] 148 Fed. 482; Wharton's Conflict of Laws [3d Ed.] §§ 4b, 480a; Atlanta v. Chattanooga Foundry, 61 C.·C. A. 387, 392, 127 Fed. 23, 28, 64 L. R. A. 721; s. c. 203 U. S. 390, 397, 27 Sup. Ct. 65, 51 L. Ed. 241; Johnson v.· Southern Pac. Co., 196 U. S. 1, 17, 25 Sup. Ct. 158, 49 L. Ed. 363); but the attitude in which the case is presented to us in such that we do not deem the present consideration of these matters necessary or wise.

Some question was raised in argument respecting the sufficiency of the evidence of negligence· on the part of the defendant, but this need not be noticed further than to say that the evidence, without exculpating the defendant, and without any suggestion of fault on the part of the deceased, disclosed that her death was caused by an accident to the train on which she was a passenger, and so the case was brought within the rule announced by the Supreme Court in Gleeson v. Virginia Midland R. R. Co., 140 U. S. 435, 443, 444, 11 Sup. Ct. 859, 35 L. Ed. 458:

"That the happening of an injurious accident is in passenger cases prima facie evidence of negligence on the part of the carrier, and that (the passenger being himself in the exercise of due care) the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight. * * * The law is that the plaintiff must show negligence in the defendant. This is done prima facie by showing, if the plaintiff be a. passenger, that the accident occurred."

See, also, Wall v. Livezay, 6 Colo. 465; Sanderson v. Frazier, 8 Colo. 79, 5 Pac. 632, 54 Am. Rep. 544; Denver & Rio Grande R. R. Co. v. Fotheringham, 17 Colo. App. 410, 68 Pac. 978.

For the error in directing a verdict for the defendant, the judgment is reversed, with a direction to grant a new trial.