**Stephen Paul HAHN, a minor, by his next friend, Beryl Ann Hahn Timpani, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, a Utah Corporation, Defendant.**

**Civ. A. No. 5504.**

United States District Court
D. Colorado.

May 26, 1958.

James B. Radetsky, Denver, Colo., for plaintiff.

Knowles, Shaw & Knowles, Clayton D. Knowles, Denver, Colo., for defendant.

White & Steele, and Walter A. Steele, Denver, Colo., for proposed intervenor.

ARRAJ, District Judge.

On October 6, 1956, plaintiff, son of decedent, through his next friend, filed an action for wrongful death of his father against the defendant. The complaint contains two claims for relief; the first claim is based on C.R.S.1953, 41–1–1 and the second claim is based on C.R.S.1953, 41–1–2. The complaint alleges that the death of decedent occurred on June 5, 1955.

On June 3, 1957, one Marjorie Hahn filed her petition for permission to intervene as co-plaintiff which petition alleged that she was the lawful wife of the decedent at the time of his death. Plaintiff resisted the petition to intervene upon two grounds:

1. That the proposed intervenor was not the lawful widow of the decedent, and

2. That even if she were the lawful widow she could not intervene and become a party plaintiff after one year from the date of the death, where the plaintiff (minor child of decedent) had instituted suit after one year from the date of said death.

The Court does not deem it proper to determine the marital status of a proposed litigant without the issues being properly joined and fully presented to the Court; and because of the conclusions reached by the Court in connection with the petition to intervene, it is not necessary in this proceeding for the Court to determine that marital status.

Although the second ground relied upon by plaintiff has not been directly passed on by the Supreme Court of the State of Colorado, the language in the Court's decision in Hayes v. Williams, 17 Colo. 465, 30 P. 352, 353, indicates approval of the view taken by the Court in the instant case.

In the Hayes case, the widow first brought suit against one defendant within the first year, but judgment was rendered for defendant. Within 30 days the widow brought suit against another defendant, and received judgment in her favor. On appeal, the issue was whether the Colorado statute, now C.R.S. 41–1–1, limited the widow's cause of action to one year. The Court held that her cause of action was not so limited, saying:

"If there were no surviving wife or husband, it would hardly be asserted that the heirs could not bring their action at any time during the two years. On the other hand, if there were no heirs, we think the surviving wife or husband might bring the action at any time during the same period. The provision does not expressly limit the wife's right of action to one year. It simply declares that if she does not sue within that time the heirs may bring an action. There is no inconsistency in the assumption that the real purpose of this provision was simply to give the surviving wife or husband preference during the first year, but not to estop her or him from maintaining an action at any time before the expiration of the second year, provided there be no heirs, or provided the heirs, if any, have not instituted judicial proceedings."

This position also finds support in the case of Hopper v. Denver and Rio Grande Railroad Co., 155 F. 273, 276 (this case was decided by the Court of Appeals of the 8th Circuit when Colorado was a part of that Circuit).

In Hopper a father sued for the death of his daughter, there being no surviving spouse, children, mother, or other heirs. The Court was primarily concerned with the father's right to sue under the third clause of the statute, but in so doing the Court set forth its interpretation of all the clauses, including the second clause involved here. The Court said,

"* * * their true meaning, as we think, may be stated in this way: If the deceased leave a husband or wife, the sole right of action will be in such survivor, save that, as against children, the right will be lost unless asserted by suit within one year; but if there be no surviving husband or wife, or the survivor fail to sue within one year, then the sole right of action will be in the children; * * * In no other way can the three subdivisions be completely harmonized without violating the sense of the statute as a whole."

The question of who has the right to maintain such a suit was considered by the Missouri Supreme Court in the case of Nelms v. Bright, Mo.1957, 299 S.W.2d 483. The provisions of the Missouri "wrongful death statute" pertaining to who may sue and when are somewhat similar to those of the Colorado statute. The Missouri statute reads in part as follows:

"Action for wrongful death—who may sue.—Whenever the death of a person shall be caused by a wrongful act * * * which damages may be sued for and recovered;

"(1) By the husband or wife of the deceased; or

"(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased * * *" (Sec. 537.070 RSMo 1949, V.A.M.S.)

In holding that the minor children of the decedent were the proper parties to maintain the action, the Court, at page 487 said:

" * * * 'A party suing under the [wrongful death] statute referred to must bring himself in his pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action, and his proof is insufficient to sustain his judgment. Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. Only such persons may sue as the statute permits, and they alone can sue. * * * It must "be conceded that the section reserves to itself the exclusive power of naming those who can maintain the action and of fixing the time in which each of the enumerated persons could sue." ' Chandler v. Chicago & Alton Railroad Company, 251 Mo. 592, 600–601, 158 S.W. 35, 37. See also, Bonnarens v. Lead Belt

Railway Company, 309 Mo. 65, 273 S.W. 1043; Betz v. Kansas City Southern Railway Company, 314 Mo. 390, 284 S.W. 455; O'Donnell v. Wells, 323 Mo. 1170, 21 S.W.2d 762.

"The wrongful death statute creates but one indivisible cause of action which remains the same whether enforceable by the surviving spouse, by the minor child or children, or by the others named in the statute. Cummins v. Kansas City Public Service Company, 334 Mo. 672, 66 S.W.2d 920; Fair v. Agur, 345 Mo. 394, 133 S.W.2d 402. The cause of action in this case accrued at the time of the death of Syble Marie Nelms. Cummins v. Kansas City Public Service Co., supra; Fair v. Agur, supra. It was not appropriated by the surviving husband within the period authorized by the statute, and the right to maintain the suit then passed to 'minor child or children' of the deceased * * *"

■ It is the conclusion of this Court that under Chapter 41, Article 1, C.R.S. 1953, a surviving spouse has the sole right to bring an action for wrongful death within one year from the time of death; however, as against the child of decedent, the spouse loses his right to sue unless that right is asserted by suit within the one-year period.

■ In the instant case proposed intervenor did not ask to intervene until nearly two years after the date of decedent's death; inasmuch as plaintiff had instituted his suit in apt and proper time, i. e. after one year subsequent to the date of death and before the two-year statute of limitations had run against his claim, proposed petitioner's request for intervention must fall.

It is, therefore, the order of this Court that the petition of Marjorie Hahn to intervene in the within action be, and the same hereby is, denied.