GEORGE NEWMAN, TREASURER OF THE TOWN OF BRATTLEBORO, *v.*
SILAS M. WAITE.

*Banks.   Cashier.   Towns.   Town Treasurer.   Forfeiture.*
*Penalty.   Statute of Limitations.*

A cashier having failed to transmit to the town clerk a true list of the shareholders and
    stock of each as provided in the act of 1865, (Laws of 1865, No. 6,) is liable for the for-
    feiture of $500 therein provided, in an action by the town treasurer, and the action,
    though not brought within two years, is not barred by section 5 of chapter 62 of the
    General Statutes, providing for the limitation of criminal prosecutions and actions on
    penal statutes.
Not decided whether such an action must be brought within the time limited by section
    6 of the same chapter.

TRESPASS on the case to recover the forfeiture provided in the act of 1865.   Session Laws of 1865, No. 6, p. 17.

The declaration, after setting forth sections 1, 3, and 5 of said act, averred in substance that the defendant was, on the first day of April, 1866, and for a long time before had, and ever since has been, the cashier of a certain banking association, formed and organized under the act of Congress approved June 3d, 1864, entitled " an act to provide a national currency," known and called by the name of the First National Bank of Brattleboro, located and doing business at Brattleboro, in said county ; that there were

residing in Brattleboro, on said first day of April, a large number of persons, who were then stock or share-holders in said Bank, and a large number of other persons, who, on said first day of April, resided without the State of Vermont, and were then stock or share-holders in said bank, all together to the amount of one hundred and fifty thousand dollars, all of which was well known to the defendant, and it then and there became and was his duty, on or before the 15th day of April, 1866, to transmit to the clerk of said town of Brattleboro a true list of the names of such stock or share-holders, with the number of shares standing against the name of each, on the books of said Bank, on the first day of April, 1866, together with the amount of money actually paid in on each share; yet the defendant neglected and refused so to do, &c. Whereby, and by force of said statute, an action accrued in favor of the plaintiff, treasurer of the town of Brattleboro, to have and recover of the defendant, for the benefit of the said town of Brattleboro, the sum of five hundred dollars, with interest thereon from the 15th day of April, 1866.

There was a second count for like dereliction in April, 1867.

Pleas: 1st, general issue; 2d, statute of limitations, that the supposed cause of action, in the first and second counts mentioned, did not accrue to the plaintiff at any time within two years next before the commencement of this suit.

Replication: To first plea, joinder of issue; to second and third pleas, general demurrer.

The county court, at the September term, 1870, BARRETT, J., presiding, having overruled the demurrer, and adjudged the defendant's pleas to the first and second counts of the plaintiff's declaration sufficient, and rendered judgment for the defendant to recover his costs, the plaintiff excepted.

*Charles N. Davenport* and *Clarke & Haskins*, for the plaintiff, cited *Barnet* v. *Ray*, 33 Vt., 205; *Burnett* v. *Ward*, 42 Vt., 80; *Hatch* v. *Robinson & Co.*, 26 Vt., 737; 2 Black Com., 379; Broom's Maxims, 298.

*H. E. Stoughton*, for the defendant.

The opinion of the court was delivered by

WHEELER, J. The act of the legislature, upon which the rights of these parties rest, in this case, was passed to make the stock of national banks in this state taxable, and to make the taxation of it feasible. Laws of 1865, No. 6. The taxation of it would increase the revenues of all municipal corporations so situated that they could tax any of it, and all such corporations would be directly interested to have the taxation of it made effectual. A large proportion of the taxes raised in the state is raised by towns, and they would be more largely interested than any other municipal corporation to have the taxation of this stock feasible. The provisions of the act concerning the duties of cashiers of such banks were intended to make the taxation of the stock both feasible and effectual. The act vested the right to have the stock taxed, and to have all things done by cashiers that the act required of them, in the several towns interested. The transmission by cashiers of the lists and names required to the town clerks of towns interested is very necessary to the ready taxation of the stock, and very important to such towns. By the force of the act, cashiers owed to such towns the duty of transmitting such lists and names in the manner prescribed by the act. Upon the facts in this case as they stand admitted by the pleadings, upon which the defendant recovered the judgment now under revision, the defendant owed to the town of Brattleboro the duty of transmitting to the clerk of that town a list of some stockholders of the bank of which he was cashier, whose stock that town had the right to tax, in the years 1866 and 1867, and he did not perform that duty in either of those years. When the defendant thus omitted to do the duty he owed, he committed a wrong to the town. If any of the stock that was taxable was not taxed in consequence of that wrong, and damage followed, the common law would have furnished a remedy for the injury by an action on the case, if the statute had not provided any remedy. Bac. Ab., Statute K. ; *Hatch v. Robinson*, 26 Vt., 737 ; *Town v. Lamphere*, 34 Vt., 365. In such an action the right of recovery would have been for the actual damage consequent upon the injury. But the statute provides for a forfeiture and payment, from any cashier omitting this

duty, to any town entitled to the duty, for the benefit of the town, to be recovered by an action on the case. If the statute had stopped, after providing for the forfeiture, without providing where it should go, any town injured by an omission that would work the forfeiture could have recovered it. "Whensoever a statute giveth a forfeiture or penalty against him who wrongfully detaineth or dispossesseth another of his duty or interest, he that hath the wrong shall have the forfeiture or penalty, and shall have an action therefore upon the statute at the common law." Co. Litt., 159, a. ; Bac. Ab., Statute K. This act gives this forfeiture to the treasurer of the town, but expressly for the benefit of the town, and in effect is the same as if it gave the forfeiture directly to the town. The legislature, after providing for this forfeiture, expressly gave it to an aggrieved party, that could have recovered it without the giving of it, and provided that it should be recovered in the same form of action, for the benefit of the same party, as the actual damages would have been, if the forfeiture had not been given, without providing that both damages and forfeiture might be recovered. The party had not any right to either actual damages or forfeiture without the statute, and the giving of one without the other is to some extent an implied exclusion of the other. Plow., 113, 206. In criminal cases, where a statute creates an offense and provides a penalty for it, the penalty only can be inflicted. 1 Kent, 467. The implied exclusion seems to be the same in this case as in that. The actual damages consequent upon the omission to make returns might, and in many cases probably would, be difficult to ascertain, and the legislature may have determined that it would be better to fix the damages in cases of omission at a certain sum than to leave them open to be shown by proof. These considerations lead to the conclusion that the legislature gave this forfeiture to towns because they would be most injured by the wrongful omission that would work it, and that it was given as a fixed compensation for the injury done by the wrong.

The defense set forth in the pleadings now under consideration is that the causes of action did not accrue at any time within two years next before the commencement of this suit. This defense

rests upon the provisions of section 5 of chapter 62 of the General Statutes, of the limitation of criminal prosecutions and actions on penal statutes. That section applies to penalties only. This action is for a remedy given to a party aggrieved, and although the remedy is by way of a forfeiture, and is given to the treasurer of a town, it is not barred by the provisions of that section. Whether such an action as this must be brought within the time limited by section 6 of the same chapter, or not, it is not necessary now to determine.

Judgment reversed and cause remanded.