HON. ASAHEL PECK,
HON. HOYT H. WHEELER, } ASSISTANT JUDGES.
HON. HOMER E. ROYCE,

---

## TOWN OF BRATTLEBORO *v.* SILAS M. WAIT.

### *Cashiers of Banks. Statute Penalties. Remedy. Statute.*

Where a town has sustained damage, by reason of the neglect and refusal of the cashier of a bank to perform the duties imposed by §39 of ch. 83 of the General Statutes, and by §1 of No. 6 of the acts of the legislature of 1865, the forfeitures provided in §47 of ch. 83. and in §5 of the acts of 1865, are *all* the remedies that the town has for the non-performance of the duties imposed.

The law will furnish a remedy to a party injured by the neglect or non-performance of a duty imposed on an individual by statute, where the statute itself furnishes no remedy; but if the statute, which imposes a new duty, also provides a particular remedy, that remedy is usually the only one the injured party has.

ACTION ON THE CASE, to recover damages sustained by reason of the defendant's neglect and refusal to comply with the requirements of § 39 ch. 83 of the General Statutes, and § 1 of No. 6 of the acts of the legislature of 1865. Demurrer to the declaration by the defendant.

The court, September term, 1870, BARRETT, J., presiding, sustained the demurrer, and rendered judgment for the defendant. Exceptions by the plaintiff.

*C. N. Davenport*, for the plaintiff.

*H E. Stoughton*, for the defendant.

The opinion of the court was delivered by

ROSS J.   The question in this case is, whether the defendant as cashier of the Windham County Bank for the years commencing April 1, 1864, and April 1, 1865, and of the First National Bank of Brattleboro for the years commencing April 1, 1866, and April 1, 1867, is liable for any loss that may have resulted to the town, by his neglect to return to the town clerk of the plaintiff, for the first two years named, the names of the stockholders in the Windham County Bank, agreeably to the requirements of § 39, ch. 83 of the General Statutes, and for the last two years the names of the stockholders of the First National Bank of Brattleboro, agreeably to the requirements of § 1 of No. 6 of the acts of 1865 ; or whether the penalties imposed by § 47 of ch. 83, and by § 5 of the act of 1865, are the only remedies given for the neglect of the defendant to perform the duties imposed by the two sections first above named.

These duties are created solely by the statutes named, and by them are super-imposed upon the defendant in addition to those duties which were incumbent on him by reason of his acceptance of the office of cashier. The principle, that the law will furnish a remedy to a party injured by the neglect or non-performance of a duty imposed on an individual by statute, where the statute itself furnishes no remedy, is too familiar and well established to need the support of authorities. If the statute which imposes a

new duty also provides a particular remedy, that remedy is usually the only remedy the injured party has. In *Regina* v. *Wigg*, 2 Salk., 460, the court says: " Where a new penalty is applied for a matter which at common law was an indictable offence, either remedy may be pursued; but where the statute makes the offence, that remedy must be taken which the statute gives." Lord MANSFIELD in *Rex* v. *Robinson*, 2 Bur., 799, stating the doctrine more fully, says: " The true rule of distinction seems to be, that where the offence intended to be guarded against was punishable before the making of such statute, prescribing a particular method of punishing it, there such particular remedy is cumulative, and does not take away the former remedy; but where the statute only enacts ' that the doing any act not punishable before, shall for the future be punishable in such and such a particular manner there,' it is necessary that such particular method, by such act prescribed, must be specifically pursued, and not the common law method of an indictment." The doctrine stated in these early leading cases is as applicable to civil as to criminal prosecutions. The question then is, was the penalty or forfeiture of $100 provided for by § 47, ch. 83 of the General Statutes, and of $500 provided for in § 5 of the act of 1865, intended for the remedies to the plaintiff for the non-performance by the defendant of the duties imposed by § 39, and by § 1. We think they were. The penalties under these statutes are given to the town, as the party injured or aggrieved by the failure of the defendant to perform the duties imposed, as has been held in *Newman, Treasurer of Brattleboro*, v. this defendant, 43 Vt., 587, in which the plaintiff through its treasurer sought to recover the penalty imposed by § 5 of the act of 1865, for the defendant's failure to comply with § 1 of that act during the years 1866 and 1867. It is unnecessary to repeat what has been said in that case. It would be inconsistent with the principle we have already stated, to hold that the plaintiff can recover the penalty as the party aggrieved, and also all damages it has sustained by the defendant's failure to perform a duty wholly imposed upon him by the statute. Such holding would give the plaintiff a double remedy for the same failure by the defendant to perform a duty imposed by statute, and due to the

plaintiff only by the force of the statute ; the penalty prescribed, and an amercement in damages for all the plaintiff can show he has suffered from such failure. The penalty cannot be held to be a cumulative remedy ; for before the passage of the act no duty was due from the defendant as cashier to the plaintiff, and, therefore, there could be no remedy, and nothing for the penalty to be cumulative to. Such holding would interpret one and the same act as giving a double remedy, which is contrary to all rules of interpretation, and only allowable when it is given in express terms by the statute.

The judgment of the county court is affirmed.