MINNIE L. ADAMS, ADMX.,

v.

FITCHBURG RAILROAD CO.

MAY TERM, 1894.

*Penal statute. Massachusetts act assessing damages for death from negligence of railroad corporation is.*

1.   No action can be maintained in this jurisdiction upon the penal statute of another state.

2.   Chap. 112, sec. 212, Pub. St. Mass., providing that if a person is killed by the negligence of a railroad corporation in the operation of its railroad, it shall be liable in damages to the amount of not less than five hundred dollars nor more than five thousand dollars, to be assessed with reference to the culpability of the corporation, and to be recovered in an action by the administrator or executor of the deceased person for the benefit of the widow and next of kin, is penal.

Action on the case. Heard upon demurrer to the plaintiff's declaration, at the March term, 1894, Windham county,

Ross, C. J., presiding.    Judgment sustaining the demurrer, and for the defendant.    The plaintiff excepts.

The plaintiff brought suit as the administrator of one L. C. Adams, alleging that the defendant was a railroad corporation operating a railroad in the state of Massachusetts, and that her intestate, while a passenger upon said railroad in that state, had been killed by the negligence of the defendant, and without fault upon his part, and that she thereby became entitled to an action in virtue of chap. 112, s. 212, of the Public Statutes of Massachusetts, which she alleged was in substance as follows :

"If by reason of negligence or carelessness of a corporation operating a railroad or street railway, or the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business, the life of a passenger or of a person being in the exercise of due diligence and not a passenger or in the employment of such corporation is lost, the corporation shall be punished by fine of not less than five hundred dollars or more than five thousand dollars, to be recovered by indictment prosecuted within one year from the time of the injury causing the death, and paid to the executor or administrator for the use of the widow and children of the deceased in equal moieties ; or if there are no children to the use of the widow, or if no widow to the use of the next of kin ; but a corporation operating a railroad shall not be so liable for the loss of life by a person while walking or being upon its road contrary to law or to the reasonable rules and regulations of the corporation.    If the corporation is a railroad corporation it shall also be liable in damages not exceeding five thousand dollars nor less than five hundred dollars, to be assessed with reference to the degree of culpability of the corporation or its servants or agents, and to be recovered in an action of tort commenced within one year from the injury causing the death by the executor or administrator of the deceased person for the use of the persons hereinbefore specified in a case of indictment."

*Waterman, Martin & Hitt* for the plaintiff.

The right of action in this case was transitory, and the

action might be maintained wherever jurisdiction of the defendant could be had.  *Rofaal* v. *Verelst,* 2 W. Bl. 983, 1055 ; *Scott* v. *Seymour,* 1 H. & C. 219 ; *Madrazo* v. *Willis,* 3 Barn. & Ad. 284 ; *Mostyn* v. *Fabrigas,* Coup. 161 ; *De la Vaga* v. *Vana,* 1 Barn. & Ad. 284.

Statutes of this kind can be enforced in any state whose policy is not opposed to a recovery of this sort.  *Dennick* v. *Railroad Co.,* 103 U. S. 11 ; *Bissel* v. *Michigan Rd. Co.,* 22 N. Y. 258 ; *McCormick* v. *Penn. Rd. Co.,* 11 Hun. 182 ; *Stallknecht* v. *Penn. Rd. Co.,* 13 Hun. 451 ; *Great Western Ry. Co.* v. *Miller,* 19 Mich. 305 ; *Selnea, etc. Rd. Co.* v. *Lacy,* 43 Ga. 461.

The statute giving the right of action need not be the same in the state where the injury occurs and that where the suit is brought.  It is enough if there is a statute in the state where the injury occurs giving compensatory damages and in the state where the suit is brought recognizing the same right.  *Higgins* v. *Cen. New Eng. etc. Rd. Co.,* 155 Mass. 176 ; *Richardson* v. *New York Cen. Rd. Co.,* 98 Mass. 85 ; *Nelson, Admr.,* v. *Chesapeake and Ohio Rd. Co.,* 54 Am. & Eng. R. R. Cas. 82.

*Batchelder & Bates* for the defendant.

The Massachusetts statute is plainly a penal one.  The amount of recovery is in no case less than five hundred dollars, and anything in excess of that sum is made dependent upon the degree of culpability.  The statute being penal, no action will lie in this jurisdiction.  *Richardson, Admr.,* v. *New York Cen. Rd. Co.,* 98 Mass. 85 ; *Halsey* v. *McLeon,* 94 Mass. 439 ; *Bettys* v. *Milwaukee & St. Paul Rd. Co.,* 37 Wis. 323 ; *Herrick* v. *Railroad Co.,* 11 Am. & Eng. Ry. Cas., 156 ; *Bank* v. *Price,* 3 Am. Rep. 204 ; *Lawyer* v. *Smith,* 1 Denio 207 ; *Davis* v. *Railroad Co.,* 43 Mass. 301 ; *Higgins* v. *Railroad Co.,* 155 Mass. 176 ; *Hubbell* v.

*Gale*, 3 Vt. 266; *Legallee* v. *Blaisdell*, 134 Mass. 473; *White* v. *Comstock*, 6 Vt. 405; *Keyes* v. *Prescott*, 32 Vt. 86; *Edwards* v. *Osgood*, 33 Vt. 224; *Ryker* v. *Hooper*, 35 Vt. 457.

MUNSON, J. The plaintiff claims to recover by virtue of the provisions of a public statute of Massachusetts. The suit cannot be maintained if the statute declared upon is held to be penal. *Blaine* v. *Curtis*, 59 Vt. 120. So far as we are informed by counsel or have been able to ascertain by examination, no construction has been placed upon this statute by the Massachusetts court. It thus becomes necessary for us to give to the statute our own interpretation. Its provisions are different from those of any other statute to which our attention has been called. It is not free from expressions which in themselves would characterize a statute as remedial rather than penal. The defendant is made liable in damages, and the ascertainment of the amount is characterized as an assessment. It is certain, however, that the designation of the recovery as damages or as a forfeiture is not conclusive as to the character of the statute. A statute giving a right of recovery is often penal as to one party and remedial as to the other. It is said that in such cases the true test is whether the main purpose of the statute is the giving of compensation for an injury sustained, or the infliction of a punishment upon the wrongdoer. We think an application of this test to the provision in question shows it to be penal. The foundation of the action is the loss of a life by reason of the defendant's negligence. There was no right of action at common law. This statute gives a right of action to the personal representative of the deceased, for the benefit of the widow and children, or widow, or next of kin. If the right of recovery is established, the damages are to be five hundred dollars in any event. Any recovery beyond

this is to be assessed with reference to the degree of the defendant's culpability. It appears, then, that whatever the damages may be, or whomsoever the person for whose benefit they are recovered, they are not given with reference to the loss sustained. If the recovery could be had only for the benefit of widow and children the statute might perhaps more easily be looked upon as remedial. But the recovery may be for the benefit of distant relatives who had no claim upon the deceased for support. And whether the recovery be for the benefit of widow and children or of distant relatives, the health or habits of the deceased may have been such as to preclude the existence of any appreciable pecuniary interest in the continuance of his life. All these matters which enter into the question of compensation are excluded from the inquiry. The wrongdoer is to be punished whether the person receiving the amount of the recovery has sustained a substantial injury or not. If the beneficiary has in fact received an injury, it is in no way made the basis of the recovery. The provision differs in this respect from those which give damages in excess of the injury received. Statutes giving double damages to an aggrieved party are held not to be penal. *Burnett* v. *Ward*, 42 Vt. 80 ; *Reed* v. *Northfield*, 13 Pick. 94. But in such cases there is an ascertainment of the actual damages, and that ascertainment is the basis of the entire recovery. Here there is no ascertainment of the loss suffered, and as far as the amount of the verdict is left to the judgment of the jury, it is to be determined by the culpability of the defendant's act, regardless of the injury resulting from it to the persons for whose benefit the suit is brought. It is true that in *Newman, Treas.*, v. *Waite*, 43 Vt. 587, an amount given without any reference to the damage sustained was held to be given by way of compensation. But in that case, if the statute had merely created the duty of making the returns, the common law would have enabled the town to recover its actual damages

for a failure to do so; and it was taken to have been the purpose of the Legislature in its further provision to give a certain sum as fixed damages in lieu of actual damages otherwise recoverable which might not be easily ascertained. But that reasoning is not available here; for in this case the existence of the obligation to carry the deceased with due care did not give these beneficiaries a right to any damages whatever for the neglect complained of. And it is to be noticed that the giving of a fixed sum excludes a consideration of the degree of culpability as well as of the loss sustained. We think the rule given for determining the unascertained part of the recovery is the controlling feature of the statute. It is difficult to say that an assessment which is made to depend solely upon the degree of the party's culpability is not primarily meted out as a punishment. The sum is to be determined by the very considerations that would govern a court in fixing a fine for involuntary manslaughter. The fact that it is given to persons whom the law would have entitled to share in the estate of the deceased cannot control the construction. A statute may be penal, although the entire amount recovered be given directly to the party injured. The disposition of the recovery, and the limitations of the amount recoverable, are the same in the clause declared upon as in the provision for an alternative procedure by indictment contained in the same section. The provision which is clearly penal serves the same purpose as regards compensation, and has no greater effect as regards punishment. In view of these considerations, and in the absence of knowledge of a construction by the Massachusetts court, we hold that the provision sued upon is penal.

*Judgment affirmed and cause remanded.*

Start, J., was absent in county court.