(172 App. Div. 227).

### LOUCKS et al. v. STANDARD OIL CO.

(Supreme Court, Appellate Division, Fourth Department. April 19, 1916.)

DEATH ☞35—ACTIONS—JURISDICTION.

An action for death by negligence within Massachusetts, based on the provisions of the Massachusetts statute allowing recovery for death caused by negligence (Rev. Laws Mass. c. 171, as amended by St. Mass. 1907, c. 375), cannot be maintained in New York courts, since the Massachusetts statute is penal in character and not compensatory, and re-

---

pugnant to the general policy of New York in such class of cases, as disclosed by the New York wrongful death statute.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. ☞35.]

Kruse, P. J., and Foote, J., dissenting.

Appeal from Special Term, Wayne County.

Action by Fannie F. Loucks and another, as administrators, against the Standard Oil Company. From an order denying its motion for judgment upon the pleadings (92 Misc. Rep. 475, 156 N. Y. Supp. 7), defendant appeals. Reversed, and motion granted.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Lyman M. Bass, of Buffalo, for appellant.
A. Lee Olmsted, of Syracuse, for respondents.

LAMBERT, J. The action is in negligence. It seeks recovery for the death of plaintiffs' intestate, alleged to have been occasioned by the negligence of the defendant. Although a resident of this state, the deceased was killed within the state of Massachusetts, and hence this action seeks admeasurement of relief in accordance with the provisions of the Massachusetts statute. Chapter 171 of the Revised Laws of Massachusetts, as amended by chapter 375, Statutes of 1907. So far as pertinent here, that act provides for the recovery of compensation for death occasioned by negligence, such recovery to be not less than $500 and not more than $10,000, and to be graded in proportion to the negligence of the defendant. The scheme of distribution of the recovery is also dissimilar to that under our statutes. The theory of the motion is that the scheme of the Massachusetts act is repugnant to the law and public policy of New York, to that extent that our courts will not enforce the liability decreed thereby. From an adverse decision of that question, the defendant appeals.

The litigants agree that a liability decreed by the statute law of one state will be enforced by the courts of another state only when such enactment is substantially in accord with the law of the latter, and is not penal, and not repugnant to the general policy of the jurisdiction wherein enforcement is sought. Such rule presents primarily the general character of the Massachusetts statute. Extensive research fails to find among the decisions of this state any determination of the character of this particular act, and for judicial consideration thereof we must look to other jurisdictions.

In Cristilly v. Warner, 87 Conn. 461, 88 Atl. 711, 51 L. R. A. (N. S.) 415, this act was construed in the particular under advisement, and the conclusion was reached that the Massachusetts act was penal in character. In there discussing comparatively the enactments of the two states, it was pointed out that the Connecticut law was remedial, and sought to produce just compensation for the injury, while the Massachusetts enactment, in its provisions grading the amount of the recovery in proportion to the negligence of the defendant, sought no such end, but was punitive in character, and eliminated all consideration of the actual damage sustained.

In McCarthy v. Wood Lumber Co., 219 Mass. 566, 107 N. E. 439, it is pointed out that this statute is penal in its purposes, and that the damages permitted thereby are, in substance, a fine imposed, which the state permits to be paid to designated individuals, instead of into the public treasury.

In O'Reilly v. N. Y. & N. E. R. R. Co., 16 R. I. 388, 17 Atl. 171, 906, 19 Atl. 244, 5 L. R. A. 364, 6 L. R. A. 719, and in Gardner ·v. N. Y. ·& N. E. R. R. Co., 17 R. I. 790, 24 Atl. 831, the courts of Rhode Island also construed the Massachusetts statute as penal in character.

The Vermont courts seem to have followed the same reasoning. In Adams v. Fitchburg R. R. Co., 67 Vt. 76, 30 Atl. 687, 48 Am. St. Rep. 800, the reasoning is carried into great refinement, and it is pointed out that the determination of the amount of the recovery under the Massachusetts enactment follows the same line of inquiry as would govern a court in fixing a fine.

The same line of reasoning is followed in the federal court in Lyman v. Boston & Albany R. R.. Co. (C. C.) 70 Fed. 409. The conclusion there reached of the penal character of this statute is therein stated to rest both upon analysis of the statute and the following of the Massachusetts decisions, both leading to the like result.

The judicial reasoning found in those decisions seems well grounded. · The structure and purpose of the statute are both at variance with that of the New York law. The former is clearly penal in its provisions and is not compensatory in its purpose. In neither letter nor substance does there seem to be much of any similarity between the enactments of the two states. Under such circumstances, the courts of this state should not undertake to enforce a liability created by the statutes of another state.

The order appealed from should be reversed, with costs, and judgment on the pleadings should be awarded the defendant, with costs. All concur, except KRUSE, P. J., and FOOTE, J., who dissent.