AGNES T. McLAY, *Ex. vs.* NEILENA K. SLADE.

JULY 2, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Foreign Statutes.  Penal Statutes.  Extraterritorial Force.*
Massachusetts statute, cap. 439, Acts and Resolves, Mass. 1922, p. 514, providing for an action to recover damages for the death of person caused by negligence; being penal in its nature, an action under it cannot be maintained in this State. *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, 16 R. I., 388 affirmed.

ACTION OF THE CASE for death by wrongful act. Heard on exception of plaintiff and overruled.

SWEETLAND, C. J.  In the above entitled action the plaintiff is suing as executrix of the will of Archibald McLay, late of Andover, in the commonwealth of Massachusetts.

It is named in the declaration as "an action of the case for the death of said Archibald McLay caused by the wrongful act or neglect of the defendant." The action is commenced in reliance upon a certain statute of Massachusetts.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the evidence on motion of the defendant the justice directed a verdict in favor of the defendant. The case is before us upon the plaintiff's exception to that action of the justice.

The injuries to the deceased which resulted in his death were received in Massachusetts while he was riding, upon the invitation of the defendant, in an automobile owned and driven by her. The plaintiff claims that the death of Mr. McLay was caused by the negligence of the defendant in the operation of the automobile while the deceased was in the exercise of due care.

The statute of Massachusetts upon which the action is based is Chapter 439, appearing on page 514 of the 1922 volume of the Acts and Resolves of Massachusetts, published by the secretary of that commonwealth. This chapter is admitted by the defendant to have been in force in Massachusetts at the time the injuries to the decedent, stated above, were received by him.

The provisions of Chapter 439 essential to the matter before us are as follows: "A person who by his negligence, or by his wilful, wanton or reckless act or by the negligence, or wilful, wanton or reckless act of his agents or servants while engaged in his business, causes the death of a person in the exercise of due care, who is not in his employment or service, shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars, to be assessed with reference to the degree of his culpability or of that of his agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, to be distributed as provided in section one." Section one provides for the distribution of the amount

recovered to the use of the widow or next of kin of the deceased.

The ground upon which the justice directed a verdict against the plaintiff was that the statute in question is penal in its nature and hence an action under it can not be maintained in this State.   In making that ruling the justice held that he was bound by the determination of this court in *O'Reilly* v. *N. Y. & N. E. R. R. Co.,* 16 R. I. 388.   In that case the action was based upon the provisions of a statute of Massachusetts essentially similar to that now under consideration.   The plaintiff concedes that if *O'Reilly* v. *N. Y. & N. E. R. R. Co.* should still be regarded as expressing the law of this State she has no standing upon her exception, but she urges that, by reason of subsequent contrary decisions of other courts upon the question involved, the position of this court in *O'Reilly* v. *N. Y. & N. E. R. R. Co.* is clearly shown to be erroneous and that case should now be overruled.

The Commonwealth of Massachusetts has never adopted into its statute law the general principles of Lord Campbell's act.   That act and the varying American statutes based upon it, in case of death by wrongful act provide for the recovery of damages against the wrongdoer as compensation to the relatives of the deceased or, as in Rhode Island, as compensation to the estate of the deceased for the loss resulting from the death.   Under those statutes, clearly under that of Rhode Island, if liability be established, the amount of damages are dependent, not upon the degree of blame which shall be ascribed to the wrongdoer, but solely upon the damage occasioned by his act.   The legislature of Massachusetts early dealt with the matter of such death in an entirely different manner, and from time to time provided for recovery against varying classes of wrongdoers who had caused the death of another by their wrongful acts. The progress of such legislation is set forth in various Massachusetts cases.   *Hudson* v. *Lynn and B. R. R. Co.,* 185 Mass. 510; *Brooks* v. *F. & L. St. Ry. Co.,* 200 Mass. 8;

*Arruda* v. *Director General of Railroads,* 251 Mass. 255. In the earlier of those statutes it was provided that recovery should be had in a fixed sum upon indictment or presentment of the grand jury. It was further provided that the amount of the recovery should be paid to the executor or administrator of the deceased for the use of his heirs, devisees or creditors. In later statutes recovery might be had either upon indictment or by an action of tort and finally by an action of tort alone. In all these statutes, although there was a gradual change in the form of procedure, the amount of recovery was always based solely upon the degree of culpability of the defendant without reference to the damages resulting from his act; and also, whatever the degree of culpability, the amount of damages recovered should be not less than a sum fixed in the statute, generally five hundred dollars, the amount prescribed in the Massachusetts statute now before us.

*O'Reilly* v. *N. Y. & N. E. R. R. Co.,* *supra,* was an action commenced in the courts of this State to recover for a death by wrongful act occurring in Massachusetts in reliance upon a Massachusetts statute, essentially like the one set out in the declaration here. That case came before this court upon demurrer. It was held that the statutory provisions assessing damages with reference to the degree of culpability of the defendant and to an amount of at least five hundred dollars showed a punitive purpose. The statute being clearly penal in its nature an action under it was not maintainable out of the state by which the statute was authorized. The court in *Adams* v. *Fitchburg R. R. Co.,* 67 Vt. 76, took the same view with regard to the right to maintain in Vermont an action based upon the same Massachusetts statute. In *Huntington* v. *Attrill,* 146 U. S. 657, three years after the decision in *O'Reilly* v. *N. Y. & N. E. R. R. Co.,* the Federal Supreme Court considered what should properly be termed a penal statute in the international sense, viz., one which can not be enforced extraterritorially. It is upon the authority of this case that the

plaintiff largely relies. In *Huntington* v. *Attrill* the court announced the doctrine that although a statute may have in some aspect a punitive purpose it should not be considered as penal in an international sense unless its purpose is to punish an offence against the public justice of the State and not to afford a private remedy to a person injured by the wrongful act. Influenced by the opinion in *Huntington* v. *Attrill*, the Supreme Court of Vermont in *Wellman* v. *Mead*. 93 Vt. 322, changed its position with reference to the nature of the Massachusetts death statute and overruled *Adams* v. *Fitchburg R. R. Co.*, 67 Vt. 76.

An examination of the Massachusetts cases in our opinion confirms the view of this court expressed in *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, and indicates that the courts of that commonwealth regard their death statutes as penal, even in an international sense, as the expression is defined in *Huntington* v. *Attrill*. It that case it was said: "The test is not by what name the statute is called by the legislature or the courts of the state in which it was passed but whether it appears to the tribunal which is called upon to enforce it to be in its essential character and effect a punishment of an offence against the public, or a grant of a civil right to a private person." In the development of the Massachusetts statutes in this regard the provision for recovery has been extended from time to time to embrace further classes of possible wrongdoers, and the proceedings under which recovery was to be had have developed from a form strictly criminal by indictment through either indictment or action of tort and then by action of tort, but the purpose of the statute has remained the same. It has plainly been for the punishment of that which the commonwealth has regarded as a public wrong. In assessing the amount which the wrongdoers should be amerced the test has remained the same. It has been the degree of the defendant's wrongdoing. That the amount of the recovery was to be paid for the use of the relatives of the deceased rather than into the treasury of the commonwealth is by no means conclusive

that the nature of the remedy is remedial. In regard to this the Massachusetts court has said in the early case of *Carey* v. *Berkshire R. R. Co.*, 1 Cush. 475: "The penalty when thus recovered is conferred on the widow and heirs, not as damages for their loss but as a gratuity from the commonwealth." The purpose of these statutes has remained the same and the amount of the penalty is based upon exactly the same consideration. Whatever was the nature of the penalty when recovered upon a criminal proceeding through indictment, remains its nature now when recovered in an action of tort. This civil form of procedure has been substituted for the criminal for the accomplishment of the same purpose, *i. e.*, for the recovery of a penalty imposed by way of punishment. *Hudson* v. *Lynn & B. R. R. Co.*, 185 Mass. 510. In *Arruda* v. *Director General of Railroads*, 251 Mass. 255, the court reviewed at length the decisions of the Massachusetts Court as to the nature of the recovery under death statutes of the commonwealth similar to the one now under consideration, and stated that "It has been held in a long line of our decisions that an action of tort for recovery for causing death under this and similar statutes is 'punitive' 'penal' and in the nature of a 'fine'." . . . "This conclusion has been reached having chief regard to two factors (1) the origin of the statute as confessedly criminal and (2) the assessment of damages not as compensation to the persons to whom they are payable but solely with reference to the degree of culpability of the corporation or of its servants or agent." The court held that the tort action then under consideration came within the classification of "actions, suits or proceedings for the recovery of fines, penalties or forfeitures." In the tort action, under one of these statutes, of *Merrill* v. *Eastern Railroad Co.*, 139 Mass. 252, the court held that the plaintiff was not required to establish due care in the deceased as in an ordinary action of tort to recover remedial damages for the negligence of a defendant, and said: "no distinction in this respect can be made between an indictment and an

action of tort." In *Hudson* v. *Lynn & B. R. R. Co.*, 185 Mass. 510, at 518, the court likens the action of tort allowed under the Massachusetts death statutes to the civil action allowed to a common informer for the recovery of a penalty imposed as a punishment, and said that an action under those statutes is of the same kind, "the only difference being that the penalty in these actions goes not to an informer but to the family of the deceased."

We have considered the ably prepared argument and brief of the plaintiff but are of the opinion that no sufficient reason has been advanced for overruling the case of *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, *supra*. That case has been considered and treated as authoritative upon the questions therein determined in *Gardner* v. *N. Y. & N. E. R. R. Co.*, 17 R. I. 790, and also in *Aylsworth* v. *Curtis*, 19 R. I. 517, at p. 522. A conclusion in harmony with the Rhode Island cases was reached in *Dale* v. *R. R. Co.*, 57 Kans. 601. *Raisor* v. *C. & A. R. R. Co.*, 215 Ill. 47, *Cristilly* v. *Warner*, 87 Conn. 461.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for the entry of judgment upon the verdict directed.

*Huddy & Moulton*, for plaintiff.

*Sherwood, Heltzen & Clifford, Sidney Clifford*, for defendant.