**Marilyn W. PEARSON, as Administratrix of the Goods, Chattels and Credits of John S. Pearson, deceased, and Marilyn W. Pearson, Plaintiff,**

v.

**NORTHEAST AIRLINES, INC.,**
**Defendant.**

United States District Court
S. D. New York.
Nov. 14, 1961.

See also 199 F.Supp. 538.

Frank G. Sterritte, Speiser, Quinn & O'Brien, New York City, for plaintiff; F. M. DeRosa, William F. X. Geoghan, Jr., and Howard G. Law, Jr., New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant; William J. Junkerman, L. Anthony Zega, New York City, of counsel.

McGOHEY, District Judge.

The plaintiff sues for damages for her husband's death in the crash of the defendant's airplane on which he was a passenger, at Nantucket, Massachusetts on August 15, 1958. The legal basis for her claim is the Massachusetts Wrongful Death Statute.[1] That statute limits the amount recoverable in such a case to a "sum of not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference to the degree of culpability of the defendant or of his or its servants or agents * * *." Despite this, the plaintiff asks damages of $600,000 for the allegedly wrongful death of her husband.

The plaintiff is now and at the time of her husband's death he and she were citizens and domiciliaries of New York. The defendant is a Massachusetts corporation. This court's jurisdiction rests on the diverse citizenship of the parties.

Two questions have arisen: first, is the amount recoverable by this plaintiff limited to $15,000?; second, if it is not, is the amount recoverable to be measured by "the degree of culpability of the defendant" as provided in the Massachusetts statute, or by the degree of "pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought," as provided by the law of New York?[2]

---

1. Mass.Gen.Laws Ann. ch. 229, § 2 (1958). The statute has since been amended to raise the upper limit of recovery to $20,-000. Mass.Gen.Laws Ann. ch. 229, § 2 (Supp.1961).

2. New York Decedent Estate Law, § 132.

■ In this diversity case, this court sits as another state court of New York[3] and must apply New York's conflicts law as announced by its highest court.[4]

■ In Kilberg v. Northeast Airlines,[5] a case arising out of the same crash involved here, the New York Court of Appeals in a considered dictum expressed by the Chief Judge and concurred in by three Associate Judges said: "For our courts to be limited by [Massachusetts'] damage ceiling (at least as to our own domiciliaries) is so completely contrary to our public policy that we should refuse to [enforce it]." It was further said that if Kilberg's claim which, like this, was filed under the Massachusetts statute, were amended to seek more than $15,000 it could "be enforced, if the proof so justifies, without regard to the $15,000 limit." That dictum, so far as appears, has not been repudiated or modified. I believe, therefore, that it states the law which, if this suit were pending in a New York court, that court would apply. Accordingly, since I believe I am required to apply it here, I hold that the amount recoverable by this plaintiff is not limited to $15,000.

■ The New York Court of Appeals in Kilberg did not consider the second question which has arisen here. Accordingly, this court must determine how that court, if it had considered that question, would have answered it. For the reasons that follow, I think it would have answered by saying that the damages should be measured by New York's standard of the pecuniary damages resulting to the beneficiaries from the death.

Chief Judge Desmond pointed out that since 1894 New York's Constitution, article 1 section 18, has forbidden not only abrogation of the then existing statutory right of action for damages for injuries resulting in death, but also "any statutory limitations" on the "amount recoverable" in such actions. The Chief Judge quoted with approval the observation of Mr. Justice Hatch in Medinger v. Brooklyn Heights R. R. Co.,[6] that "The argument which evidently controlled the convention [of 1894] in its action consisted of the claim that the arbitrary limitation [of damages] was absurd and unjust, in measuring the pecuniary values of all lives to the next of kin by the same arbitrary standard." This is precisely what results from application of Massachusetts' standard of measuring damages, viz. the degree of the defendant's culpability. "Pecuniary values" indeed then become altogether immaterial regardless of how great they may be in any given case. It seems to me that having rejected, as to New York domiciliaries, Massachusetts' "damage ceiling" of $15,000, New York would also reject the Massachusetts rule for measuring damages by factors unrelated to the pecuniary loss sustained by beneficiaries. Accordingly, I hold that the damages, if any, recoverable by the plaintiff are to be measured by the degree of the plaintiff's pecuniary injury.

So ordered.

3. Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 89 L.Ed. 2079.

4. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 6 S.Ct. 1020, 85 L.Ed. 1477.

5. 9 N.Y.2d 34, 211 N.Y.S.2d 133, 136, 172 N.E.2d 526, 529.

6. 6 A.D. 42, 39 N.Y.S. 613, 616 [1896].