Wanda R. TURNER, Adm'x Estate of
Donald R. Turner

v.

CAPITOL MOTORS TRANSPORTATION
CO., Inc.

Yvonne J. HILL, Adm'x Estate of
Donald P. Hill

v.

CAPITOL MOTORS TRANSPORTATION
CO., Inc.

Civ. Nos. 7-112, 7-124.

United States District Court
D. Maine, S. D.

Feb. 21, 1963.

Peter N. Kyros, Francis C. Rocheleau, Portland, Me., for plaintiffs.

Richard D. Hewes, Portland, Me., for defendant.

GIGNOUX, District Judge.

These are wrongful death actions arising out of the deaths of plaintiffs' intestates, Donald R. Turner and Donald P. Hill, in a highway accident in Danvers, Massachusetts on February 25, 1962. Both decedents were Maine residents, who at the time of the accident were en route from Maine to their places of em-

ployment in Connecticut. Their estates are being administered in Maine for the benefit of their widows and children, also Maine residents. Defendant is a Massachusetts corporation. At the time of the accident one of its trucks, driven by its servant, was hauling paper products from Maine to Connecticut.

· The amended complaints in each case are substantially identical. Each is in two counts based on the Massachusetts wrongful death statute,[1] and alleges that the decedent's death was caused by the negligence of defendant's servant. Count I demands damages of $30,000 for the benefit of the decedent's widow and dependent children, plus medical and funeral expenses, to be assessed on a compensatory basis in accordance with the Maine wrongful death statute.[2] Count II contains a prayer for $20,000 damages to be based on the degree of defendant's culpability as provided in the Massachusetts statute. By motion to dismiss in each case, defendant seeks the dismissal of Count I.

The basis of defendant's motions to dismiss is that, in accordance with accepted conflict of laws principles, the accident having occurred in Massachusetts, the Massachusetts wrongful death statute alone is applicable to these actions. In opposition thereto, plaintiffs contend that because under the Massachusetts statute damages are to be assessed *according to the degree of culpability* and are limited to a maximum of $20,000, both the measure and limit of damages recoverable under the Massachusetts act are contrary to the public policy of the State of Maine, as expressed in the Maine wrongful death statute, and would not be enforced by the Maine courts. They argue that while the Maine courts would recognize the Massachusetts statute as granting the cause of action for the wrongful death of a Maine resident in Massachusetts,[3] they would

---

1. Mass.Ann.Laws, ch. 229, § 2 (Supp. 1961), which provides in material part: "A person who (1) by his negligence causes the death of a person in the exercise of due care, or (2) by wilful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted * * * shall be liable in damages in the sum of not less than two thousand nor more than twenty thousand dollars, to be assessed with reference to the degree of his culpability and distributed as provided in section one * * *. A person shall be liable for the negligence or the wilful, wanton or reckless act of his agents or servants while engaged in his business to the same extent and subject to the same limits as he would be liable under this section for his own act, except that the damages shall be assessed with reference to the degree of culpability of his agents or servants."

2. Me.Rev.Stat.Ann. ch. 165, §§ 9 & 10 (1954), which provide in material part: "Sec. 9. *Actions for injuries causing immediate death.*—Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and

recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as shall amount to a felony.

"Sec. 10. * * * The jury may give such damages as they shall deem a fair and just compensation, not exceeding $30,000, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought, and in addition thereto, shall give such damages as will compensate the estate of such deceased person for reasonable expenses of medical, surgical and hospital care and treatment and for reasonable funeral expenses * * *." (Supp.1961).

3. Neither party contends that the Massachusetts statute is so penal in nature as to preclude the court from entertaining actions based thereon. Cf., Arizona Commercial Mining Co. v. Iron Cap Copper Co., 119 Me. 213, 223, 110 A. 429, 433 (1920) (dictum). This question though not authoritatively decided by the Maine court has long been settled in other states bordering Massachusetts. Daury v. Ferraro, 108 Conn. 386, 143 A. 630, 62 A.L.R. 1323 (1928); Wellman

reject the damage provisions of the Massachusetts statute, and in lieu thereof would apply the compensatory measure of damages and the $30,000 damage ceiling provided in the Maine statute. In support of their position, plaintiffs point to the dictum of the New York Court of Appeals in Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961), in which a majority of that court stated that the Massachusetts wrongful death act would be recognized by the New York courts as creating the cause of action for the death of a New York domiciliary in an airplane accident in Massachusetts, but that in view of a provision in the New York Constitution expressly prohibiting any statutory limitation on the amount of damages recoverable in a death action, the limitation in the Massachusetts statute would not be enforced.[4]

The principles which must govern the disposition of these motions are not controverted. Since jurisdiction of these actions is based upon diversity of citizenship, this Court must apply the conflict of laws rule that would be applied by the courts of the State of Maine, in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496–

97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Sampson v. Channell, 110 F.2d 754, 759–62, 128 A.L.R. 394 (1st Cir., 1940), cert. denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415 (1940). It is established law in Maine, as elsewhere, that the substantive law of the place of the wrong governs actions for wrongful death, including the measure and extent of the recovery, and that the wrongful death act of the forum is not to be given extraterritorial effect. Frost v. C. W. Cone Taxi and Livery Co., 126 Me. 409, 139 A. 227 (1927); Restatement, Conflict of Laws §§ 391, 412, comment a, 417 (1934); cf. Pringle v. Gibson, 135 Me. 297, 195 A. 695 (1937); Winslow v. Tibbetts, 131 Me. 318, 162 A. 785 (1932); Katz v. Gordon Johnson Co., 160 F.Supp. 126, 130 (D.Me.1958). It is equally well settled in Maine and elsewhere that a state may reject principles of foreign law which it would apply in accordance with standard choice of law rules, when the foreign law is in conflict with some fundamental public policy of the forum or imposes an unjust burden on the citizens of the forum state. Dalton v. McLean, 137 Me. 4, 8, 14 A.2d 13, 15 (1940); Corbin v. Houlehan, 100 Me. 246, 61 A. 131, 70 L.R.A. 568 (1905); Restatement, Conflict of Laws § 612

v. Mead, 93 Vt. 322, 107 A. 396 (1919); Loucks v. Standard Oil Co. of N.Y., 224 N.Y. 99, 120 N.E. 198 (1918); Hill v. Boston & M. R. R., 77 N.H. 151, 89 A. 482 (1914); contra, McLay v. Slade, 48 R.I. 357, 138 A. 212 (1927).

4. Critical comment on the Kilberg dictum has been divided. Compare 46 Cornell L.Q. 637 (1961); 74 Harv.L.Rev. 1652 (1961), with 61 Colum.L.Rev. 1497 (1961); 36 N.Y.U.L.Rev. 723 (1961); 47 Va.L.Rev. 692 (1961).

The court in Kilberg did not consider the second question, which is present here, of whether the amount recoverable was to be measured by the Massachusetts culpability standard or by the compensatory standard provided by the law of New York. In Pearson v. Northeast Airlines, Inc., 199 F.Supp. 539 (S.D.N.Y. 1961), rev'd on other grounds, 307 F.2d 131 (2d Cir., 1962), aff'd en banc, 309 F.2d 553 (2d Cir., 1962), cert. denied, 83 S.Ct. 726, a case based upon the same accident as that involved in Kilberg, the District Court held that the dictum in

Kilberg, which was binding on it in a diversity action, necessarily implied rejection by the New York court of the Massachusetts rule for measuring damages and substitution of the New York compensatory measure. 199 F.Supp. at 540. This view eventually prevailed with a majority of the Court of Appeals. 309 F.2d at 563–64, adopting Judge Kaufman's dissenting opinion. 307 F.2d at 146–47. Compare Massachusetts Bonding & Ins. Co. v. United States, 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956), in which the Supreme Court held that the provision of the Federal Tort Claims Act, 28 U.S.C. § 2674, which makes the United States liable for compensatory damages where the local law provides only for punitive damages, likewise requires rejection of any damage ceiling imposed by the local law.

The primary issue in Pearson was the question of whether or not the Kilberg rule violates the Full Faith and Credit Clause of the United States Constitution. U.S.Const. art. IV, § 1.

(1934). However, the fact that the law of the foreign jurisdiction is different from that of the forum does not necessarily imply that it violates the public policy of the forum, and is not of itself a sufficient basis for the refusal by the courts of the forum to apply the foreign law. As stated by the Maine court in Pringle v. Gibson, supra 135 Me. at 303, 195 A. at 698, the foreign law will be enforced " * * * unless, according to our concepts, it is a denial of justice and subversive of our public policy." This proposition has perhaps been no better stated than in an opinion by Cardozo, J. in Loucks v. Standard Oil Co. of New York, supra note 3, a case involving an issue substantially identical to that raised here, 224 N.Y. at 111, 120 N.E. at 201:

> "We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home. Similarity of legislation has indeed this importance; its presence shows beyond question that the foreign statute does not offend the local policy. But its absence does not prove the contrary. It is not to be exalted into an indispensable condition."

 Applying this test, this Court cannot say that the Massachusetts wrongful death statute so offends the fundamental public policy of the State of Maine or imposes such an unjust burden on Maine citizens that it would not be recognized and enforced in its entirety by the Maine courts. The Massachusetts statute, like the Maine statute, provides compensation to the widow and next of kin of a decedent whose death is caused by the wrong of another in that state. The fundamental policy of both acts is that there shall be some reparation to those aggrieved by the wrong. See Loucks v. Standard Oil Co. of New York, supra note 3. The only essential difference between the two statutes is in the nature and amount of the recoverable damages. But Maine, unlike New York, has no policy that prohibits a ceiling on the amount of recovery in wrongful death actions. In fact, a dollar limitation on the amount of damages in death actions is firmly embedded in the law of Maine.[5] Kilberg v. Northeast Airlines, Inc., supra, on which plaintiffs rely, is thus clearly distinguishable. Nor does there exist in this state any policy that prohibits exemplary or punitive damages, based on principles of culpability rather than on the degree of loss. Maine law has long provided for the recovery of punitive damages in certain tort actions. See, e. g., Me.Rev.Stat.Ann. ch. 124, § 9 (Supp.1961).[6]

Admittedly, application of the damage provisions of the Massachusetts statute, rather than those found in the Maine statute, may prejudice the plaintiffs in terms of damages recoverable. Almost certainly, they will not receive the same judgments that the Maine law would have given them if the wrong had occurred in this state. And very likely, although not necessarily, they will not receive as much. However, the Maine court has not hesitated to apply foreign statutes which would, in some circumstances, preclude altogether a recovery permitted by Maine law. See Pringle v. Gibson, supra; Winslow v. Tibbetts, supra.[7] In light of these decisions, it would

5. See note 2, supra. Until September 16, 1961, less than six months before the accident involved in these actions, the maximum recovery under the Maine statute was $20,000. See Me.Laws 1961, ch. 315. Prior to August 28, 1957, the limit on damages had been $10,000. See Me.Laws 1957, ch. 188.

6. This statute provides for the recovery of double damages in the case of certain acts of willful or knowing trespass.

In McKay v. New England Dredging Co., 92 Me. 454, 458, 43 A. 29 (1899), cited by plaintiffs, the court held that punitive damages are not recoverable under the *Maine* wrongful death statute. The case contains no suggestion that punitive damages, *per se*, are contrary to the public policy of this state.

7. In Pringle v. Gibson, the court recognized as a defense to a personal injury action a New Brunswick statute which exempted automobile drivers from lia-

be anomalous for this Court to say that the enforcement of a foreign statute, the provisions of which may result in the recovery of damages less than those possible under the laws of the forum, is so prejudicial as to be contrary to the public policy of Maine.[8]

The Court concludes that the damages, if any, recoverable by the plaintiffs in these actions are to be measured by the standard and limited to the maximum prescribed by the Massachusetts statute. Accordingly, defendant's motion to dismiss Count I of the amended complaint in each action is granted.

bility to gratuitous passengers, even though such actions were permitted by Maine law. In Winslow v. Tibbetts, which was also a guest passenger case, the court applied the Massachusetts gross negligence test, rather than the ordinary negligence test of the Maine law, to deny the plaintiffs recovery.

8. With the exception of New York, no state, having once recognized a cause of action based on the Massachusetts wrongful death statute, has refused to apply the damages provisions of the act. Daury v. Ferraro, supra note 3; Wellman v. Mead, supra note 3; Hill v. Boston & M. R. R., supra note 3.